THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* THE CHICAGO AND ROCK RIVER RAILROAD COMPANY

*v.*

FREDERICK R. DUTCHER, Supervisor, etc.

1.  ELECTION *in townships — in what manner to be held.*   The charter of the Chicago and Rock River Railroad Company authorizes cities, towns, and townships under township organization, to subscribe to the stock of the company, upon a vote of the legal voters therein, but prescribes no mode in which the election shall be conducted :   *Held,* the presumption would be, in the absence of any provision on the subject, the election should be conducted in the manner prescribed by the law of the organization of the body in which it is held.

2.  So an election in a township· for such purpose, should be held in the manner township elections are required to be held in the election of their town officers, and not under the general election laws.

3.  SAME — *of the registry of voters.*   Elections held at town meetings in townships acting under the township organization law, are not within the law requiring voters to be registered, town meetings being excluded, in terms, from its operation.

4.  So an election in regard to a subscription by a township to the capital stock of the Chicago and Rock River Railroad Company, being properly had at a town meeting, it is not required the voters shall be registered before the election can be properly held.

5.  SUBSCRIPTION *to stock of a railroad, by a town.*   Under a law authorizing a town to determine by vote whether it will subscribe to the capital stock of a railroad company, and requiring the town supervisor to make the subscription if it be so voted, but leaving it entirely optional with the town whether it will subscribe at all, in determining the question of subscription the town may impose any conditions in respect thereto it thinks proper, and the supervisor would have no power, in making the subscription, to disregard such conditions, nor would the railroad company have any right to demand he should.

APPLICATION for writ of mandamus.   The opinion states the case.

Mr. J. M. BAILEY, for the relators.

Mr. W. E. IVES, for the respondent.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This is an application to this court for a writ of mandamus against the supervisor of the township of Amboy, to compel the subscription of $100,000 to the stock of the company of petitioners.   On filing the petition by the company, the defendant entered his appearance, waived the issuing of an alternative writ, and stipulated that the petition might stand for an alternative writ, and demurred to it.   It appears from the writ that, by the charter of the company, cities, towns, and townships, along or near to the railroad, were authorized to subscribe to

10 — 56TH ILL.

the capital stock of the company, when authorized by a majority of the legal votes of such city, town or township, cast at an election authorized to be held, upon the petition of ten voters of the city, town or township, and a notice given for thirty days of the time, and at the usual place of holding elections. The charter also provides that if the election results in favor of subscription, it shall be the duty of the officers named in the act to make the subscription and receive from the company the proper certificates therefor, and to issue bonds of the corporate body thus voting in favor of subscription, bearing interest, and which shall not run for more than twenty years, etc.

It is alleged that on the 25th of June, 1869, after giving notice for the requisite time, an election was held, resulting in favor of subscription for $100,000 of the stock of the road. The township clerk, after reciting that portion of the charter which authorized the township to vote for and against the subscription, gave this notice:

" Now, therefore, I, Charles E. Ives, clerk of said township of Amboy, do hereby notify the legal voters of the said township of Amboy, to meet at Simon Badger's office, on the 26th July, A. D. 1869, for the purpose of voting for or against the said township subscribing $100,000 to the capital of the Chicago and Rock River Railroad Company, upon the express condition, however, that should the legal voters vote in favor of the subscription, that none of the town bonds will be delivered until the road is completed into the township of Amboy, and cars running on the same. The form of voting at said election will be, 'For subscription' or 'Against subscription.'

" Given under my hand this 25th day of June, A. D. 1869.'

It is urged that the election thus held was invalid, for the reason that it was held in the manner regulating town meetings, and not under the general election laws of the State; because there was no registration of the voters, and because

certain conditions were imposed not specified in the statute authorizing the election to be held.

Do the provisions of the charter authorizing the vote in this case require that it shall be under the general election laws, or under the law establishing township organization? Amboy being a township organized under the general township law, the presumption would be, unless a contrary intention was expressed, that the election should be held in the mode prescribed for its government. Where legislation is adopted in reference to the action of an incorporated body and no mode is prescribed in which it shall be performed, the presumption must be indulged that it is intended that the body shall act through its officers and in the course usually adopted and authorized by the law governing the action of the body. And this being the rule, when the legislature has authorized this township as a corporate body to hold an election, and has prescribed no mode, a majority of the court hold that it was designed to authorize it to be in the manner township elections are required to be held in the election of their officers, and not under the general election laws. And it appears that this election was conducted in conformity to the law of its organization. And in this there was no error.

Was this a State, county, city or town election, in the sense of the law which has provided for the registry for such elections? The law requiring the registry to be made declares that the registry shall be made three weeks previous to any State, county, city or town election, except town meetings in towns adopting the township organization law. Session Laws, 1865, p. 51. The exception contained in this clause is not sufficiently explicit to leave it free from doubt in its construction. But the fifth article of the act providing for township organization relates to and governs town meetings. It provides for the manner of conducting the business of the town and for electing town officers. The latter, with some exceptions, are required to be elected by ballot. Nor do the different provisions of the article make any distinction in the meet-

ings, between the transaction of the business of the town and the election of officers. It is all required to be done at the town meeting, although it is called an election when choosing the officers, and a town meeting when transacting other business: Article 4 requires the regular town meetings to be held on the first Tuesday in April of each year, and the voters are then authorized to elect town officers and, quadrennially, justices of the peace and constables.

Such an election being at a town meeting, it is manifestly not embraced in the registry law, as such meetings are excluded, in terms, from its operation. And inasmuch as the statute contemplated the vote on this subscription to be taken in the town in the mode other town elections are held, and such elections being excepted from the provisions of the registry law, it follows that a registry of the voters was not necessary to this election, and there was not a want of power to hold it by reason of the failure to make a registry of the voters of the town.

In the case of *Boren* v. *Smith*, 47 Ill. 482, it was held, that a vote on the re-location of a county seat was not an election, within the registry law. Again, in the case of *The People ex rel.* v. *The Ohio Grove Township*, 51 id. 191, where an election was held to vote for and against a subscription to the stock of a railroad company, held on a ten days' notice authorized by the statute, it was held, that the registry law was not intended to be applied, because there was not time within which to prepare the registry before the election. In that case it was, for that reason, deemed unnecessary to determine whether the registry law applies to town meetings, and hence the question was not decided.

We now come to the question whether the notice containing the condition that the road should be completed into the township and cars running on the same, vitiates the election, and failed to confer power to make the subscription. It is true, the law has failed to authorize conditions to be imposed by the voters, but it has not prohibited their imposition. It is not,

nor can it be, denied, that an individual may or not subscribe to such a corporation, as he may freely choose, and he may impose any condition he desires to such a subscription, and it then is within the free choice of the company whether it will accept the subscription on the conditions. And the general assembly has left it to the voluntary determination of the voters of the town to say whether they would subscribe for the stock, or refuse to do so, by their vote. And if it was a matter of choice whether they would or not make such subscription, then why might they not impose any condition they desired, and, when imposed, why should the company be at liberty to compel an unconditional subscription to which the voters have not and probably never would assent? We have no hesitation in saying, that the electors might vote to subscribe on any conditions they might see proper to annex, and that the company can only receive it on the terms prescribed by the vote.

The township has no power to compel the railroad company to accept a conditional subscription. Nor can the company compel an unconditional one. In the case of *The People ex rel.* v. *Tazewell County*, 22 Ill. 147, it was held, under the general law, that it was discretionary whether the county should subscribe all or but a portion of the amount voted by the citizens, and that the county authorities might impose any proper conditions they might choose. And the same rule must apply to the voters of a town, in determining whether they will make a subscription. In the case at bar, the law declares that, if the vote results in favor of subscription, it shall be the duty of the supervisor to subscribe to the capital stock of the company, in the name of the township, the amount voted to be subscribed, and to receive a certificate therefor.

In the case at bar the relator claimed the right to an unconditional subscription, and it is the purpose of this proceeding to compel the supervisor to make such a subscription. We have seen that he is not authorized, under any circumstances, or at any time, to make a subscription upon any but the con-

ditions it was voted. It then follows that the supervisor cannot be compelled to make an unconditional subscription, and the peremptory writ must be denied.

*Mandamus refused.*