THE PEOPLE *ex rel.* The Gilman, Clinton and Springfield Railroad Company

*v.*

THE SUPERVISOR AND TOWN CLERK OF THE TOWN OF LAENNA.

1. MUNICIPAL SUBSCRIPTION—*election must be conducted in the manner prescribed.* Where the charter of a railroad company authorizing corporate subscriptions, provided that "all elections had under or by virtue of this act shall be taken and held to be general elections, and conducted in the same manner as provided by the laws of this State for general elections:" *Held,* that an election held by a township for the purpose of determining whether such township would subscribe to the capital stock of such company, which was conducted in the same manner as town meetings, by a moderator and the town clerk, instead of there being three judges and two clerks of the election, and when the moderator and clerk were not sworn, and there being no registry prior to such election, was not in compliance with the law, and that an affirmative vote at such election conferred no authority for a subscription.

2. Had the act of the legislature been silent as to the manner of holding and conducting the election, then it might have been conducted in the manner prescribed by the law of the organization of the body in which it was held.

5—67TH ILL.

This was an application for a *mandamus* by the relators, against the supervisor and town clerk of the town of Laenna, to compel a corporate subscription of the town and the issue of its bonds in payment thereof, in pursuance of an election held in the town for that purpose. The facts appear in the opinion of the court.

Messrs. MOORE & WARNER, and Messrs. FULLER & GRAHAM, and Messrs. STUART, EDWARDS & BROWN, for the relators.

Messrs. WELDON & BENJAMIN, for the respondents.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The questions made on this record arise on a demurrer to the return to an alternative writ of *mandamus*.

The point is made on the seventh section of the act to amend an act to incorporate the Gilman, Clinton and Springfield Railroad Company. That section is in these words: "All elections had under or by virtue of this act, shall be taken and held to be general elections, and conducted in the same manner as provided by the laws of this State for general elections; and all illegal voting, false swearing or frauds done or committed shall be governed and punished as provided for by the laws of this State, in force at the time of such election."

It is admitted the requisite petition was presented to the town clerk to call an election for the purpose of voting on the question of subscription, but the respondents deny that the election was conducted in the manner provided by the laws of this State for general elections. It appears some of the electors of the town were present on the day appointed for the election, and at the place, when they were called to order by the town clerk, and one of their number was chosen moderator, and without being sworn, entered upon the duties of his office; that the polls were not opened until two o'clock in the

afternoon, and when they were closed it was found on canvassing the votes, there were nine votes for the subscription and three against subscription. The election was conducted entirely by the moderator and the town clerk in the same manner an ordinary town meeting is conducted.

The question is, was this a compliance with the statute?

It is conceded, that in the absence of this act of the legislature, the town of Laenna would have no authority whatever to make this subscription. This being so, must not all the material requirements of the act be observed and followed? This will not be denied. This act required the election to be conducted in the same manner as provided by the laws of this State for general elections. That this election was not so conducted, is admitted, but it is insisted the term "general election" must be interpreted in connection with and in reference to the different municipalities authorized to subscribe. This may be admitted, but it does not help the case. "General," as found in the act, can not mean "regular." It means precisely what is expressed, that the election shall be taken and held to be a general election, and have all the requisites of such an election. There must be judges and clerks; there must be a registry of voters, and all else required by the general election law. Was the act of the legislature silent upon the manner of holding and conducting the election, then, most certainly, as this court said in *The People ex rel.* etc. v. *Dutcher,* 56 Ill. 144, the election might be conducted in the manner prescribed by the law of the organization of the body in which it is held. This is a fair presumption; but when the legislature expressly declares the election shall be conducted as a general election, the presumption can not obtain.

The relators, when they undertook the work, knew, or might have known, the manner in which the election was conducted. It was their duty to know it was not conducted according to the law authorizing an election.

It is a question of power, and the hardships or injustice of the case demand no consideration. This determines the case.

The questions involved in this case have been more elaborately argued in the case of *The People ex rel.* etc. v. *The Town of Santa Anna, ante,* 57, and to which reference is made.

The *mandamus* must be refused.

*Mandamus refused.*