## TOWN OF PANA ET AL.

### v.

### CHARLES E. LIPPINCOTT ET AL.

1. MUNICIPAL CORPORATIONS—POWER TO MAKE SUBSCRIPTIONS TO RAILROADS.—Municipal corporations are created by the Legislature for governmental purposes only, and have no power to engage in commerce or to make subscriptions or donations to railroads, unless the same is conferred by statute; and when such power is given, it must be clearly conferred and strictly pursued.

2. VOTE FOR SUBSCRIPTION.—Where the statute authorized a town to subscribe to the capital stock of a railroad, upon a vote taken for that purpose at a *regular town meeting*, a vote taken at a *special meeting* called for that purpose, will not confer authority upon the town to make such subscription.

3. CONSOLIDATION OF COMPANIES.—Where a statute authorized a town to subscribe a stated amount to each of two proposed railroads, the consolidation of the two companies entitled the new company to the benefits only of such donation as the town could make to either of the former companies.

4. BONDS ISSUED WITHOUT AUTHORITY—RECITALS—INNOCENT PURCHASER.—One who purchases a municipal bond issued without authority, or in violation of law, is not an innocent purchaser. The law makes it his duty to look to the authority under which the officers of the municipality have acted. He may rely upon the recitals in the bonds for some purposes, but

not for proof of the authority of the agent or officer of the corporation.  Where there is want of authority, such recitals are not binding on the principal.

5.  PAYMENT OF INTEREST NO RATIFICATION.—The bonds being issued without authority, are void; and the town has no power to ratify them by payment of interest, so as to bind the taxpayer.  An act defectively done under authority may be ratified, but one performed without authority cannot.

ERROR to the Circuit Court of Christian county; the Hon. H. M. VANDEVEER, Judge, presiding.

Messrs. HENRY & DOVE and Mr. J. C. McQUIGG, for appellants; upon the construction that should be given to the several statutes and charters, cited McCarty v. Orphan Asylum, Soc. 9 Cow. 506; Brown v. Lease, 5 Hill, 226; Card et al. v. McCaleb, 69 Ill. 314; City of Chicago v. Quimby, 38 Ill. 274; Hirn v. State of Ohio, 1 Ohio St. 21; Brow v. Commissioners, 9 Harris (Pa.) 37; Town of Ottawa v. County of LaSalle, 12 Ill. 339; Supervisors, etc. v. Campbell et al. 42 Ill. 490; C. D. & V. R. R. Co. v. Smith et al. 62 Ill. 268; Dwarris on Statutes, 513; 1 Bishop on Criminal Law, 178.

The town having authority to donate only $30,000, an attempt to donate $100,000 would render the whole proceeding void: Robinson v. Harlan, 1 Scam, 237; Powell v. North Mo. R. R. Co. 42 Mo. 63.

As to the effect of the consolidation of companies: Brice on Ultra Vires, 539; Clearwater v. Meredith, 1 Wall. 25.

Distinction between subscription and donation: Town of Concord v. Portsmouth Savings Bank, 2 Otto, 625.

The authority of municipal corporations to issue bonds must be strictly pursued: Harding v. R. R. I. & St. L. R. R. Co. 65 Ill. 90; Jackson County v. Brush, et al. 77 Ill. 59; Chestnutwood et al. v. Hood et al. 68 Ill. 132.

Every step required to confer the power or create the indebtedness must be shown to have been taken in strict conformity with the statute: The People v. Hulbert, 46 N. Y. 113; The People v. Smith, 45 N. Y. 772; Sharp v. Speir, 4 Hill, 79; Beaty v. Knowler, 4 Pet. 152; Bartholomew v. Bently et al. 1 Ohio St. 41; Bank of Chillicothe v. Swayne, 8 Ohio, 286.

Such authority must be shown affirmatively: Wise v. Withers,

3 Cranch, 331; Walker v. Turner, 9 Wheat. 549; Suydam v. Keys, 13 Johns. 444; Bridge v. Ford, 4 Mass. 641; Smith v. Rice, 11 Mass. 507; Brooks v. Adams, 11 Pick. 441.

If the mode prescribed by statute for issuing the bonds is not complied with in all material respects, the bonds are void: People v. Tazewell County et al. 22 Ill. 147; Supervisors, etc. v. The People, 25 Ill. 181.

If the election be held without warrant of law, the whole proceeding is void: Clark v. Hancock County, 27 Ill. 305; Force et al. v. Batavia, 61 Ill. 99; Harding v. R. R. I. & St. L. R. R. Co. 65 Ill. 90.

A corporation can only exercise those powers granted by its charter: Creed v. Commercial Bank, 11 Ohio, 493; Bank of Chillicothe v. Swayne, 8 Ohio, 287; Town of Petersburg v. Mappin et al. 14 Ill. 193.

The right of corporate or local taxation is by the Constitution vested in the corporate authorities, and the legislature cannot confer this power on others: Harward v. St Clair Drainage Co. 51 Ill. 130; Marshall v. Silliman et al. 61 Ill. 218; Wiley et al. v. Silliman et al. 62 Ill. 170; Hessler v. Drainage Com'rs 53 Ill. 105; Lovingston v. Wilder, 53 Ill. 302; The People v. Mayor of Chicago, 51 Ill. 18; Town of Elmwood v. Marcy, 2 Otto, 293; Flack v. Hughes et al. 67 Ill. 384.

The bonds were issued for a private purpose, and hence illegal: Loan Asso'n v. Topeka, 20 Wall. 660; Sharpless v. Mayor etc. Philadelphia, 21 Pa. St. 147; Hanson v. Vernon, 27 Iowa, 28; Allen v. Inhabitants of Jay, 60 Me. 127; Whiting v. Fond du Lac R. R. Co. 25 Wis. 188; Commercial Bank v. Iola, 2 Dill. 353; Lowell v. Boston, 111 Mass. 454; State v. Osawkee Township, 14 Kan. 418; Sherlock et al v. Winnetka, 68 Ill. 530.

A distinction is made between the law of taxation and the law of eminent domain: Cooley on Taxation, 76.

Where private property is sought to be taken, the party claiming the right must show a strict conformity with the statute: Pierce v. Madison & Ind. R. R. Co. 21 How. 442; Mc-Greggor v. Deal & Dover R. R. Co. 16 L. & Eq. 180.

The grant of power to a municipal corporation is to be strictly

construed:   Queen v. Ellis, 6 Q. B. 501; Com'rs of Hamilton
Co. v. Mighels, 7 Ohio St. 110; Tradwell v. Commissioners, 11
Ohio St. 190; Starin v. Genoa, 23 N. Y. 449; Dillon on Mu-
nicipal Corporations, § 424.

The election was illegal and the subscription a nullity: Peo-
ple v. Town of Santa Anna, 67 Ill. 57; People v. Town of Laenna,
67 Ill. 65; Force v. Batavia, 61 Ill. 99; Trustees v. The Peo-
ple, 63 Ill. 299; Harward v. St. Clair Draniage Co. 51 Ill. 130;
Supervisors, etc. v. People, 25 Ill. 181; Ryan v. Lynch, 68
Ill. 160.

The law clothed the board of town auditors with power to
authorize the issuing of the bonds, and this power could not be
delegated by them to others:   Clark v. Supervisors, etc. Han-
cock Co. 27 Ill. 305; Jackson County v. Brush et al. 77 Ill. 59;
Treadwell v. Commissioners, 11 Ohio St. 190; Marshall et al. v.
Silliman, 61 Ill. 218; Lovingston v. Wilder, 53 Ill. 302; Har-
ward v. St. Clair Drainage Co. 51 Ill. 130; Hessler v. Drainage
Co. 53 Ill. 105; People v. Mayor of Chicago, 51 Ill. 17; Wiley
v. Silliman, 62 Ill. 170; Elmwood v. Marcy, 2 Otto. 292.

The new Constitution creates no new rights, and confers no
new powers:   County of Moultrie v. Savings Bank, 2 Otto, 631;
Jackson County v. Brush et al. 77 Ill. 59; Town of Concord v.
Portsmouth Savings Bank, 2 Otto, 625.

Where there is want of corporate authority, the recitals in the
bonds are not conclusive: The Floyd Acceptances, 7 Wall. 666;
Marsh v. Fulton County, 10 Wall. 676; Loan Asso'n v. Topeka,
20 Wall. 660; Elmwood v. Marcy, 2 Otto, 289; Concord v.
Savings Bank, 2 Otto, 625; Harshman v. Bates County, 2
Otto, 572; Marshall County v. Cook, 38 Ill. 44; Bissell v. Kan-
kakee, 64 Ill. 249; Schuyler County v. The People, 25 Ill. 181;
Supervisors v. Clark, 27 Ill. 305; Ryan v. Lynch, 68 Ill. 160.

A purchaser of municipal bonds must, at his peril, inquire
into the power of the corporation to issue them: Marsh v. Ful-
ton Co. 10 Wall. 676; Baltimore v. Reynolds, 20 Md. 1; Hod-
ges v. Buffalo, 3 Comstock, 430; Mussey v. Beecher, 3 Cush.
519; Livingston Co. v. Weider, 64 Ill. 427.

A purchaser of negotiable paper is chargeable with knowl-
edge of such facts as he might ascertain by ordinary diligence:

Rupert et al. v. Mark, 15 Ill. 540; Morrison v. Kelley, 22 Ill. 610; McConnell v. Reed, 4 Scam. 117; Merrick v. Wallace, 19 Ill. 486; Parsons v. Amour, 3 Pet. 428; Stainer v. Tysen, 3 Hill, 279; Atwood v. Mounings, 7 B. & C. 278; Lowell, etc. Bank v. Inhabitants of Winchester, 8 Allen, 109; Mechanics' Bank v. N. Y. & N. II. R. R. Co. 3 Kernan, 599; Schooner Freeman v. Buckingham, 18 How. 182; Marshall County v. Cook, 38 Ill. 44; N. Y. Life Ins. Co. v. Beebe, 3 Seld. 364; Gould v. Town of Sterling, 1 Am. Law Reg. 295; Clark v. City of Des Moines, 6 Am. Law Reg. 148.

Negotiability will not validate obligations not binding for want of power to issue them: Gould v. Town of Sterling, 1 Am. Law Reg. 295; Hull et al. v. Marshall County, 12 Iowa, 142; Treadwell v. Commissioners, 11 Ohio St. 190.

Want of corporate power cannot be supplied by the unauthorized representations of municipal officers: Marshall County v. Cook, 38 Ill. 44; Marsh v. Fulton County, 10 Wall. 676; Bissell et al. v. Kankakee, 64 Ill. 249; Harding v. R. R. I. & St. L. R. R. Co. 65 Ill. 90; Dart v. Hercules, 57 Ill. 446; Rochester v. Alford Bank, 13 Wis. 488; Peterson v. Mayor, etc. 17 N. Y. 449; Clark v. City of Janesville, 10 Wis. 136; Angell & Ames on Corporations, 48.

The doctrine of estoppel does not apply where the instrument creating the estoppel is void: Treadwell v. Commissioners, 11 Ohio St. 191; Knowles v. Gas Light and Coke Co. 19 Wall. 58; Rochester v. Alford Bank, 13 Wis. 488.

HIGBEE, P. J.—This is a bill in chancery, to enjoin the collection of a special tax levied to pay the interest on one hundred thousand dollars in bonds, issued by said town to the Springfield and Illinois Southeastern Railway Company, and to have the bonds declared void.

An injunction was issued, and upon answer filed the same was dissolved and the bill dismissed. The company to which these bonds were issued was formed by the consolidation of two other companies—the Pana, Springfield and Northwestern Railway Company, and the Illinois Southeastern Railway Company—both of which had been created by special charter granted

Town of Pana et al. v. Lippincott et al.

by the legislature of this State, and all the rights, privileges and powers of the new company are derived from these charters and subsequent amendments thereto.   No legislation was ever passed in favor of the new company after the consolidation took place.

On the 30th day of April, 1870, and after the consolidation, a special town meeting was held in the town of Pana, presided over by a moderator, at which it was voted to donate to the said Springfield and Illinois Southeastern Railway Company, one hundred. thousand dollars in the bonds of said town, to be issued upon certain conditions named in the submission, to run twenty years, and to bear interest at the rate of eight per cent. per annum, payable semi-annually.   In 1873 the bonds ($100,-000) were issued by the supervisor and town clerk, and delivered to the railroad company, since which time interest has been paid on said bonds for three years, with money levied and collected in the town for that purpose.

It is insisted that the laws under which these bonds were donated and issued limited the right of the town in making such donation to said company to a sum not exceeding thirty thousand dollars, and that they were not voted at such an election as was required by law, and that for these reasons the bonds are void.

Municipal corporations like the town of Pana, are created by the Legislature for governmental purposes only, and have no. power to engage in commerce, or to make subscriptions or donations to railroads, unless the same is conferred by statute, and when such power is given by statute, it must be clearly conferred and strictly pursued.   Harding v. R. R. I. & St. L. R. R. Co. 65 Ill. 92.

The statute authorizes the consolidation of railroad companies,. and provides that " said companies, when so consolidated, shall have all the powers, franchises and immunities which said separate companies shall have by virtue of their separate charters before such consolidation."   Had the Legislature authorized the town of Pana to donate $100,000 to either of the original companies before the consolidation?   If not, such a donation to the new company, after the consolidation, would be

void for want of authority. The consolidation conferred no additional power upon the town; it only entitled the new company to the benefit of whatever donation the town was authorized to make to either of the former companies.

The act incorporating the Pana, Springfield and Northwestern R. R. Co., was passed February 16, 1865. It authorized any town in Sangamon county to subscribe to the capital stock of said company in any sum *not exceeding* fifty thousand dollars each, upon a vote to be taken for that purpose, but no such vote to be taken unless at a regular election for town and county officers.

By an amendment to the charter, which went into force April 16, 1869, any town on the line of said road was authorized to subscribe to the capital stock of said company in any sum not exceeding fifty thousand dollars, upon a vote to be taken as required by the original charter. Neither this charter or the amendment conferred upon the town of Pana the power to denote to the company $100,000. Nor did they authorize a vote for subscription to be taken at a special town meeting called for that purpose.

It is recited on the face of these bonds that "this bond is one of a series amounting to $100,000, issued by virtue of authority conferred by an act of the General Assembly of the State of Illinois, entitled an act to incorporate the Illinois Southeastern Railway Company, Approved February 24, 1869. It also recited an election held April 30, 1870. The act referred to to in the bond, incorporated the Illinois Southeastern Railway Company, and authorized towns on the line of the road, to donate to said company any amount not to exceed thirty thousand dollars, provided the same be first voted at an election to be held, canvassed and returned as other regular town elections. No election to be held unless the directors of the road should first file with the county clerk and the town clerk, a proposition to the voters, and then the vote was to be for and against the proposition; notice of the election to be given for twenty days, and if the proposition was adopted, the amount donated was to be collected by taxation, and paid to the directors of the road in money.

The amendment to this charter was passed February 24, 1869. It contained no express repeal of the $30,000 limitation in the former act, but provided that any village, city, county or township organized under the township organization law of this State, along or near the route of said railway or its branches, or that are in any wise interested therein, may in their corporate capacity subscribe to the stock of said company or make donation to said company to aid in constructing or equipping said railway. It authorized an election upon a petition of twenty legal voters, required thirty days' notice of election, and required the same to be held, conducted and returns thereof made as provided by law for general elections in this .State, dispensed with registration of voters, and in case of a donation it authorized the issuing of bonds to run not exceeding twenty years, and fixed the interest they should bear. Did the latter act repeal the restriction in the former? If so, the repeal must be implied from repugnancy between the two statutes. Repeals by implication are not favored by law, and are never allowed when the two statutes can be reconciled and construed together. Bruce v. Schuyler, 4 Gilm. 271; City of Chicago v. Quimby, 38 Ill. 274.

The former act says, counties and towns may donate to the company; the latter act that villages, cities, counties and towns may subscribe stock or donate to the company; the former act, that towns shall not donate exceeding $30,000; the latter act is silent as to the amount, and is in no sense antagonistic to the former. Both are upon the same general subject, and must be construed together. The first act plainly fixed the amount which might be donated by a town, and the amendment does not change it. It is also a well settled rule of construction that a subsequent statute which is general, does not abrogate a former statute which is special. Town of Ottawa v. County of LaSalle, 12 Ill. 341; Supervisors v. Campbell, 42 Ill. 492.

Again it is stated that, although the provisions of two statutes are different, one of them general in terms, but containing no negative words, such general provision will not repeal the prior one, which is particular. Brown v. Commissioners, 9 Harris, p. 37; Haywood v. Mayor, 12 Georgia, 404; 1 Bishop's Criminal Law, 178.

The original act was particular and definite in its terms upon a question of the greatest importance. The amendment simply extends the right of donation to other municipalities in general terms. To ascertain the legislative intent in passing an amendment to a former law, we must know what the original act was, for what cases it provided, what the defect in it, and how reached and changed by the amendatory act, what the mischief and what the remedy. Jackson v. Warren, 32 Ill. 339. In this case, under the old law, the right to donate to the company was limited to *counties* and *towns;* the amendment extended the right of donating to *villages* and *cities.* Under the old law an election was inaugurated by a proposition in writing from the directors of the company; under the new law by a petition of twenty legal voters. The notice of the election by the old law was to be twenty days; by the amendment, thirty days. Registration was dispensed with by the amendment, and instead of an election to be held as " other town elections," the amendment required it to be held, conducted, and returns made as in cases of general elections under the laws of the State. Instead of cash payment, the amendment authorized bonds to be issued, fixed the time they should run and the interest they should bear. These are the important changes made in the original charter by the amendment, and show the object of its passage. The limitation upon the amount which a town could donate was an important part of the law, placed there for the protection of the tax-payers, many of whom were liable to be compelled to help pay the sum donated without their consent and against their will, and we cannot hold that the amendment authorizing villages, cities, counties and towns to make donations to the company, was ever intended to repeal it, and thereby enable these municipalities to donate an unlimited amount to the railroad company. In the case of Harding v. R. R. Q. & St. L. R. R. Co. 65 Ill. 90, there were two acts; the first limited the right of the counties named (one of which was Warren county) to a subscription not exceeding $100,000, and required thirty days' notice of an election. The second act (unlike this) provided that said counties " are authorized and empowered to subscribe to the capital stock in such an amount

Town of Pana et al. v. Lippincott et al.

as said counties shall determine or deem best and proper," (See private laws 1869, vol. 3, p. 368), and that the question of subscription should be submitted to the voters "in such manner as the county authorities might determine." The only question passed on by the court was whether the last provision repealed the express provision in the former law requiring the thirty days' notice.

In the opinion of the court by Justice Thornton, we find the following language: "In the first, a special notice was required and the number of days for which it should be given and the manner of its publication were plainly fixed. In the second act there is nothing necessarily antagonistic to these requirements. The only words inconsistent with the continued existence of the first provision are the following: 'Such question shall be submitted in such manner as the county authorities may determine.' They do not by necessity refer to the time of notice, and as both acts have reference to the same subject matter and are for the benefit of the same railway, the language of the 10th section may properly and should be construed to have reference to the conditions to be inserted in the notice as to the amount of subscription, the period in which the bonds would mature, and the rate of interest."

Less than thirty days' notice, as required by the original act, was given, and the court for that reason, held that the county had no authority to issue the bonds. Apply the reasoning in this case to the case under consideration and with what show of reason can it be contended that the limitation in the former act is repealed by the amendment? Here the amendment has no reference whatever to the amount of donation, nor does its general scope and object conflict with the limitation in the former law. But it is contended that the last act is auxiliary to and in aid of the former law, and should be treated as cumulative, and that a compliance with either would be sufficient.

We cannot adopt this reasoning. The latter act is an amendment to the former; they both refer to the same subject matter, and so much of the former as is not repealed is in full force, the whole forming but one law, complete in itself, and clearly

defining the only terms and conditions upon which municipal corporations could make donations to the road.

We are also of opinion that the special act under which the donation was voted, did not authorize the vote to be taken at a special town meeting called for that purpose, and presided over by a moderator, instead of an election held by the judges appointed by law for that purpose. The People v. The Town of Santa Anna, 67 Ill. 61; The People, etc. v. The Town of Laenna, 67 Ill. 65.

But it is insisted that the town having issued these bonds, and paid interest on them for several years, with funds levied and collected for this purpose, it is now too late to question their validity, in the hands of persons who have purchased them in the market, for a valuable consideration.

Whether this would be a sufficient answer to the manner of voting the bonds, we do not decide. If we are correct in our construction of the law, these bonds were not only issued without authority of law, but in violation of the very law recited on their face, as the authority for issuing them. There is a wide difference between an act defectively performed under authority, and an act performed without authority, or in violation of law. The former may become binding by ratification or acquiescence, but the latter is absolutely void. The town had no authority to issue the bonds, nor has it any authority to ratify them, so as to bind the tax-payers. The legislature never authorized the donation of $100,000 to be made in any manner whatever, and without legislative authority the town possesses no power to create this debt, and the bonds are therefore void.

One who purchases a municipal bond, issued without authority, or in violation of law, is not an innocent purchaser. The law makes it his duty to look to the authority under which the agents or officers of the town have acted, and if he neglects this duty he does so at his peril, and cannot call upon a court of equity to relieve him against his own negligence. He may rely upon the recitals in the bond for some purposes, but not for the proof of the authority of the agent. Where there is a want of authority, such recitals are not binding on the principal. The Floyd Acceptances, 7 Wall. 666; Marsh v. Fulton County, 10

Home Mfg. Co. v. Gough et al.

Wall. 676; Loan Association v. Topeka, 20 Wall. 660; Elmwood v. Marcy, 2 Otto, 289; Township of Concord v. Savings Bank, 2 Otto, 625; Harshman v. Bates County, 2 Otto, 572; Marshal County v. Cook, 38 Ill. 51; Bissell v. City of Kankakee, 64 Ill. 249; Schuyler County v. The People, 25 Ill. 18; Clark v. Supervisors Hancock County, 27 Ill. 305; Baltimore v. Reynolds, 20 Md. 1; Hodges v. Buffalo, 3 Comstock, 430; Livingston v. Weider, 64 Ill. 427; Dillon on Municipal Corporations, Sec. 372.

The decree dissolving the injunction and dismissing the bill is reversed and the cause remanded, with directions to grant the prayer of the bill.

Decree reversed.