*In re* CONSTRUCTION OF SCHOOL LAW, CHAP. 9, SEC. 7.

1. Since under Comp. Laws Dak. § 1814, the members of the board of education elected under its provisions were to continue in office until their successors should be elected and qualified, Act March 12, 1891, c. 9, § 7, providing for the election of a new board, does not oust from office the members of the old board until after the new board is elected and qualified.
2. S. D. March 12, 1891, c. 9, § 7, making it the duty of municipal corporations to hold an election at which a new board of education shall be chosen without specifying a time for holding it, except that it shall not be on the same day as a municipal election, leaves the time for holding it to be determined by the municipality; and the manner of calling, holding and conducting such election is the same as in the case of other municipal elections, except so far as the act provides otherwise.

[Syllabus by the Court.    Opinion rendered May 20, 1891.]

The question submitted to the judges was the construction of Section 7, Chapter 9, of the school law, entitled "An act to establish a uniform system of education for the State of South Dakota, and to repeal certain legislation relating thereto;" approved March 12, 1891.

PER CURIAM.    The questions propounded for our opinion are: (1) Have municipal corporations power to provide for an election of a board of education under Section 7, Chapter 9, of the act of 1891, entitled "An act to establish a uniform system of education for the State of South Dakota, and to repeal certain legislation relating thereto?" (2) What is the legal *status* of the old boards elected under the provisions of Section 1814, Comp. Laws, prior to the election and qualification of the new boards, under said Section 7, provided such election

can be called and held? and (3) what is the legal *status* of the old boards, if the municipal corporations have no power to provide for such elections? Section 1814, Comp. Laws, being a part of the old school law, creates for every city and town divided into wards a board of education, fixing the number of its members, and their qualifications; and further providing that each member of said board "shall hold his office for the term of two years, and until his successor is elected and qualified." Section 7, Chapter 9, of the laws of 1891, provides for a new board, with substantially the same powers and duties, but it is prospective in its operation. Section 12, Chapter 10, of the same law, repeals Section 1814, Comp. Laws, but it does not at once extinguish the board elected under its provisions. The section repealed (1814) says there shall be elected, etc., and, while it was operative and in full force, the: e were elected in the several towns and cities the boards thus provided for. Repealing the requirement of the law that "there shall be elected" does not oust from office those already elected and serving, but discontinues the authority for any further election under the law so repealed. The members of the old boards continue in office until their successors "are elected and qualified," and this continues the old board until superseded by the new. The law does not undertake to abolish the old board, except as the result of providing for a new one. The old board goes out only as the new board comes in.

It becomes important, then, to inquire what provisions the legislature has made for the election of a new board, and how such provisions are to be executed. Whatever difficulty the question presents springs from the omission of the new law to provide definitely for the time and manner of holding such election in "towns having civil or municipal organizations." For other towns a day for such election is specifically named, but in towns with civil or municipal organization no time is fixed It is only provided that such elections "shall not be held at the same time that any municipal election is held." If this was an oversight on the part of the legislature, it is serious for it is not within the power of the courts to supply a *casus omissus* in legislation.

No judicial construction could help it out, for that would be an attempt upon the part of the court to make a part of the law itself,—to add something to it,—a plain usurpation of legislative functions. We express no opinion as to whether the civil or municipal corporation would have the implied power to call an election in case such omission were an inadvertent defect in the law, for we think we are quite justified in believing that the omission was not an oversight, but deliberate; that the legislature said all it intended to; and that the provisions of the law are not sufficiently ambiguous or imperfect to present any serious difficulty. The act under consideration applies not only to all cities organized under the general law for the incorporation of cities, but to all cities, towns, or villages organized under special acts or charters for civil government or educational purposes, which may at any time adopt its provisions. But, in respect to these latter municipalities, their charters fix the time for their annual municipal elections, as to which there was no uniformity. It is possible that in no two towns did such elections occur upon the same day. But the legislature, having adopted the policy of keeping separate the school and other municipal elections, could not fix any definite day upon which the school elections should be held in all chartered municipalities, without incurring the risk of doing in one or more cities the very thing it determined to avoid, to-wit, providing for the school and municipal elections upon the same day. It made the law declare that in every such city or town there "shall be elected a board of education," thus requiring an election to be held. In towns having no civil organization, the time for holding such election is fixed, but in towns having civil or municipal organization the time could not be fixed for reasons already suggested. So that the positive requirement of the legislature upon towns having municipal organization, is to hold such election, taking care, however, that in every case it shall be called and held upon some day other than that of the municipal election. That the law makes no provision for notice or manner of holding the election is perhaps a criticism upon its completeness, but does not affect its

validity. In such case the law will presume that it was in-tended the election should be called and held as other munici-pal elections are called and held. State v. Dutcher, 56 Ill. 144.

Our conclusions are: (1) That as under said Section 1814 the term of each member of the old board continues until his successor is elected and qualified, and as the law of 1891, now under consideration, provides for the election of an entirely new board, such old board holds over and continues in office until thus succeeded by the new board, elected under the pro-visions of the new law; and (2) that by said Section 7, Chapter 9, Laws 1891, it is made the duty of every town having a civil or municipal organization, adopting the provisions of the act, to hold an election at which such new board shall be chosen; that the particular day upon which such election shall be called and held is left to be determined and fixed by such municipal-ity, subject only to the two conditions,—one implied, the other expressed,—that it shall be within a reasonable time, consider-ing the purpose and object of the election, and that it shall not in any case be upon the same day as the municipal election; that the manner of calling, holding, and conducting such elec-tion, so far as unprovided for in the act, is the same as in the case of other municipal elections.