Burnap *v.* Wight.

FRANCIS BURNAP, Plaintiff in Error, *v.* JAMES M. WIGHT, Defendant in Error.

ERROR TO WINNEBAGO.

In an action on a bond, given on suing out a writ of *ne exeat*, nominal damages, at least, will be recovered, if the suit in which the bond was given was not prosecuted with effect; and if the writ was sued out without just cause, such damages as have been wrongfully sustained may be recovered, but these must naturally result from the issuing of the process, and must not be remote or speculative.

The intent with which the writ was issued is not a proper subject of inquiry in such an action.

If the writ is sued out maliciously, the defendant may maintain an action for a malicious prosecution, when a different rule will prevail.

Where unnecessary allegations are made in a declaration, which are irrelevant, they will be rejected as surplusage. Such allegations will not vitiate even on special demurrer. After a general verdict, judgment will not be arrested because of such faulty allegations.

THIS was an action of debt, commenced by Burnap against Wight, upon a bond given upon the issuing of a writ of *ne exeat* against the former, at the instance of certain parties for whom Wight acted as the attorney, and in that capacity made the affidavit upon which the process issued.

Burnap was arrested upon the process, and committed to the custody of the sheriff. The declaration contained several counts, which embraced many causes of complaint. The petition upon which the *ne exeat* issued, was dismissed in the circuit court. This was the foundation of the action. To the declaration a special demurrer was filed. The demurrer was sustained to the declaration, at November term, 1847, of the Winnebago Circuit Court, JESSE B. THOMAS, Justice, presiding.

FRANCIS BURNAP, *pro se.*

J. MARSH, for defendant in error.

TREAT, C. J. The condition of the bond given by the plaintiff on suing out a writ of *ne exeat* is, that he " will prosecute his bill or petition with effect; and that he will reimburse to the defendant such damages and costs as he shall wrongfully sustain by occasion of the said writ." The statute provides : " If any defendant to such writ of *ne exeat* shall think himself aggrieved, he may bring suit on such bond ; and if, on trial, it shall appear that such writ of *ne exeat* was prayed for without

a just cause, the person injured shall recover damages, to be assessed, as in other cases, on penal bonds." R. S. ch. 72, § 3. If the plaintiff fails to prosecute his suit with effect, the defendant is entitled to recover nominal damages, at least, in an action on the bond. And if the writ is sued out without just cause, he may recover such damages as he wrongfully sustains by reason thereof. But these damages must be such as naturally result from the issuing of the writ, and can be measured by a pecuniary standard; remote and speculative damages are not to be taken into consideration. Nor does the intent with which the writ is obtained form the proper subject of inquiry. If the writ issues without good cause, the condition of the bond is equally violated, whether the plaintiff acts in good or bad faith. The direct pecuniary injury to the defendant may be as great in the one case as in the other. This direct pecuniary loss is all that can be recovered in an action on the bond. If the writ is sued out maliciously, and without probable cause, the defendant may maintain an action for malicious prosecution. And in such an action he may recover damages for every injury to his credit, business, or feelings. Such matters are peculiarly the proper subjects of inquiry; and the jury may give damages commensurate with the injuries sustained. But such injuries as may be redressed only where malice exists and probable cause is wanting, ought not to be taken into consideration in an action on the bond. See Pettit *v.* Mercer, 8 B. Mon. 51.

In the present case, if the allegations of the declaration are true, the plaintiff has a clear right of action on the bond. He is entitled to recover damages for the failure to prosecute the suit with effect; for the costs and expenses necessarily incurred in defending the suit, in procuring his release from arrest, and in supporting himself while in custody under the writ; and for the actual loss of his labor while under arrest. These losses proceed directly from the issuing of the writ; and they are capable of being estimated in money. But beyond compensation for these injuries, the plaintiff cannot recover in this action. For any injury to his credit or reputation, or interruption or hinderance in business, or pain of body or mind, he must seek redress in an action for malicious prosecution, or false imprisonment. The declaration shows a good cause of action. It alleges that the suit was not prosecuted with effect; that the plaintiff was deprived of the use of his labor for more than two months; and that he necessarily incurred great expense in defending the suit, in procuring his release from arrest, and in supporting himself while in custody; and he claims to recover damages in respect of all these injuries. The fact that he claims

damages on account of other injuries, does not vitiate the declaration. The allegations respecting his credit, business, and the like, may properly be rejected as surplusage. Excluding them entirely from the declaration, it still shows a good cause of action. They may be stricken out on motion; or the court will not allow any evidence to be given under them on the trial. It is well settled, that where unnecessary allegations are made in a declaration, which are foreign and irrelevant to the cause, they will be rejected as surplusage, and need not be proved; nor will they vitiate even on special demurrer. 1 Chitty's Pl. 262; Stephen's Pl. 524; Tucker *v.* Randall, 2 Mass. 283; Grannis *v.* Clark, 8 Cow. 36; Wilmarth *v.* Mountford, 8 Serg. & Rawle, 124. And after a general verdict for the plaintiff, the judgment will not be arrested, but it will be presumed that no damages were given on the faulty allegations. Steele *v.* Western Ireland Navigation Company, 2 Johns. 283; Richards *v.* Farnham, 13 Pick. 451.

The circuit court erred in sustaining the demurrer; and the judgment must be reversed, and the cause be remanded for further proceedings.

*Judgment reversed.*