## Illinois Steel Company v. Andreas Schymanowski.

1. MASTER AND SERVANT—*Duty to Furnish Safe Places for the Servant to Work.*—It is the duty of the master to exercise reasonable care that the place in which the servant works is safe, and if one in authority gives orders within the scope of his authority, and not manifestly unreasonable, to a servant under him, to work in a certain place, which the servant is bound to obey at the peril of losing his situation, such orders are in contemplation of law the orders of the master, and he is to be held responsible for the consequences.

2. SAME—*Master Presumed to Know Conditions, etc.*—It is a fair inference that the condition of the place where a servant works is known to the master or to those in authority under him.

Illinois Steel Co. v. Schymanowski.

3. SAME—*Overseers, etc., to be Capable.*—It is the duty of the master to see that the persons in charge of the work are capable of appreciating obvious dangers.

4. WAIVER—*Objections, etc.*—Objections to the conduct of the court in the examination of witnesses, which do not appear in the abstract of the record nor are assigned as reasons in the motion for a new trial, are waived.

5. PLEADING—*Surplusage.*—All words which can be stricken out of a declaration without impairing it are surplusage, and a failure to prove them is unimportant.

·6. APPELLATE COURT PRACTICE—*Sufficiency of the Declaration.*— Where no motion in arrest of judgment is made, nor assignment of error that the declaration is insufficient, it can not be called in question upon an appeal.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

WILLIAMS, HOLT & WHEELER and E. PARMALEE PRENTICE, attorneys for appellant, contended that personal negligence is the gist of an action of this sort, and it must therefore appear, to render the master liable, that he knew, or from the nature of the case ought to have known, of the unfitness of the means of labor furnished to the servant, and that the servant did not know, or could not reasonably be held to have known of the defect. Knowledge on the part of the employer and ignorance on the part of the employe, are the essence of the action. Or, in other words, the master must be at fault and know of it, and the servant must be free from fault and ignorant of the master's fault if the action is to lie. The authorities all state the rule with these qualifications. Beach on Contributory Negligence, Sec. 346; Griffiths v. London, &c., Docks Co., 13 Q. B. D. 259; S. C., 53 L. J. Q. B. 504 (51 L. T. 533, 33 W. R. 35 C. A.); Indiana, &c., Ry. Co. v. Bailey, 110 Ind. 75; Wright v. New York, &c., R. Co., 35 N. Y. 562; Booth v. Boston, &c., R. Co., 67 N. Y. 593; S. C., 73 N. Y. 38; 29 Am. Rep. 97; Murphy v. Boston, &c., R. Co., 88 N. Y. 146; S. C., 42 Am. Rep. 240; Laning v. New York, &c., R. Co., 49 N. Y. 521;

S. C., 10 Am. Rep. 417; Ryan v. Fowler, 24 N. Y. 410; Fuller v. Jewett, 80 N. Y. 46; S. C., 36 Am. Rep. 575; Vosburgh v. Lake Shore, &c., R. Co., 94 N. Y. 374; S. C., 46 Am. Rep. 148; Cone v. Delaware, &c., R. Co., 81 N. Y. 206; S. C., 37 Am. Rep. 491; Flike v. Boston, &c., R. Co., 53 N. Y. 549; S. C., 13 Am. Rep. 545; Corcoran v. Holbrook, 59 N. Y. 519; Hickey v. Taaffe, 32 Hun 7; S. C., 1 East. Rep. 7; Hawley v. New York, &c., R. Co., 82 N. Y. 370; Daley v. Shaff, 28 Hun 414; Ellis v. New York, &c., R. Co., 95 N. Y. 546; Holden v. Fitchburg R. Co., 129 Mass. 268; S. C., 2 Am. & Eng. Ry. Cases, 94; Ford v. Fitchburg R. Co., 110 Mass. 240; Snow v. Housatonic, &c., R. Co., 8 Allen, 441; Hackett v. Mfg. Co., 101 Mass. 101; Arkarson v. Dennison, 117 Mass. 407; Walsh v. Peet Valve Co., 110 Mass. 23; Wheeler v. Wason Mfg. Co., 135 Mass. 294; McGee v. Boston Cordage Co., 139 Mass. 145; S. C., 1 East. Rep. 126; Baker v. Alleghany R. Co., 95 Penn. St. 211; S. C., 40 Am. Rep. 634; Patterson v. Pittsburg, &c., R. Co., 76 Penn. St. 389; S. C., 18 Am. Rep. 412; Johnson v. Bruner, 61 Penn. St. 58; O'Donnell v. Alleghany R. Co., 59 Penn. St. 389; Ardesco Oil Co. v. Gilson, 63 Penn. St. 146; Riley v. State Line Steamship Co., 29 La. Ann. 791; S. C., 29 Am. Rep. 349; Greenleaf v. Ill., &c., R. Co., 29 Iowa 14; Muldowney v. Ill., &c., R. Co., 39 Iowa 615; Tuttle v. Chicago, &c., R. Co., 48 Iowa, 236; Brann v. Chicago, &c., R. Co., 53 Iowa, 595; Baldwin v. Railroad Co., 50 Iowa 680; Way v. Illinois, &c., R. Co., 40 Iowa, 341; Hallower v. Henley, 6 Cal. 209; McGlynn v. Brodie, 31 Cal. 376; Baxter v. Roberts, 44 Cal. 187; Sullivan v. Louisville Bridge Co., 9 Bush 81; Quaid v. Cornwall, 13 Bush 601; Hayden v. Mfg. Co., 29 Conn. 549.

" If, when the master is notified of the defect in the machinery, or of the incompetence of the servant, he promises to remedy the same within a reasonable time, the servant will not, as a matter of law, be presumed to have consented to it, or to have waived his rights by remaining for such reasonable time in the service; but mere complaint to the master, unless a promise to repair is made, will not justify the servant in continuing to expose himself to the danger." Beach on Contributory Negligence, Sec. 272.

Brandt & Hoffmann, attorneys for appellee, contended that the law with reference to the liability of the master for acts which he orders a servant to do is well stated by Shearman & Redfield.

"Where a servant, seeing a defect, and notifying his master thereof, is nevertheless ordered to continue his work, without any express or implied promise of a remedy, it has sometimes been held that he can not recover, on the theory that from that time he assumes the risk. But this is unsound. A master's order is at least as much justification for the servant's continuance as would be another's invitation; a mere invitation is, in some cases, enough to acquit the person acting upon it from the imputation of contributory negligence. The true rule in this, as in all other cases, is, that if the master gives the servant to understand that he does not consider the risk one which a prudent person should refuse to undertake, the servant has a right to rely upon his master's judgment, unless his own is so clearly opposed thereto that, in fact, he does not rely upon the master's opinion. So, if the peculiar risk of the act commanded by the master is not obvious, the servant has a right to assume that he is not sent into any unusual peril, and is not bound to investigate into the risk before obeying his orders. A servant is not called upon to set up his own unaided judgment against that of his superiors; and he may rely upon their advice, and still more upon their orders, notwithstanding many misgivings of his own. If the master directs the servant to do some act which is dangerous, but which could be made less dangerous by the use of special care on the part of the master, the servant has the right to assume that such special care will be taken, and does not take the greater risk upon himself. The servant's dependent and inferior position is to be taken into consideration; and that if the master gives him positive orders to go on with the work under perilous circumstances the servant may recover for an injury thus incurred if the work was not inevitably or imminently dangerous, we are glad to say is now settled law in New York. 1 Shearman & Redfield on Neg-

ligence, Sec. 186.   See also Anderson Pressed Brick Co. v. Sobkowiak, 148 Ill. 573.

The general duty of a master to exercise care to prevent the exposure of his servant to unnecessary and unreasonable risks requires him, among other things, to use reasonable diligence in seeing that the place where the service is to be performed is safe for that purpose.  Cook v. St. P., M. & M. Ry. Co., 34 Minn. 45; Noyes v. Smith, 28 Vt. 59; Hutchinson v. Railway Co., 5 Exch. 343; Gibson v. Pacific R. Co., 46 Mo. 163; Huddleston v. Lowell Machine Shop, 106 Mass. 282; Snow v. Housatonic R. Co., 8 Allen 441; Sullivan v. India Mfg. Co., 113 Mass. 396; Ryan v. Fowler, 24 N. Y. 410; Patterson v. Pittsburg, etc., R. Co., 76 Pa. St. 389; Swoboda v. Ward, 40 Mich. 420.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellant to recover damages for a personal injury sustained by him by reason of ore falling upon him from a pile at which he was at work for the appellant.   The evidence tended to prove that the appellee was at work on a dark and stormy night, with insufficient light, by the side of an ore pile, which, at the place where he worked, was about ten feet in height vertically, and slanted back to a much greater height; that he went to "the boss" for more light, who swore at him with an epithet uncomplimentary to the mother of the appellee, and ordered him to "go to work;" that "the boss" then went in advance of the appellee to the ore pile, and struck into the pile a good many blows with a pick, and with more oath and epithet, said "you pick here;" that the ore pile had a frozen crust upon it and was steep, so that it was unsupported. That the ore did fall and injure the appellee was undisputed. On such a state of facts, a verdict for the injured laborer is to be expected; and objections to the verdict, based upon alleged insufficiency of the evidence, are overruled.   Some complaint is made as to the conduct of the court during the examination of witnesses, but even if such complaints were well founded, the abstract shows no exception to what is

complained of, nor did the grounds assigned in the motion for a new trial touch the matter. Such silence is a waiver. Hintz v. Graupner, 138 Ill. 158; Hoffman v. World's Col. Ex., No. 5241 this court.

The sufficiency of the declaration is not in question. No motion in arrest was made, nor is there any assignment of error that the declaration is not sufficient. No specific variance was pointed out and made the ground of objection below. If, therefore, the evidence be such that upon any pleadings a verdict for the appellee would be sustained, he is entitled to keep his judgment, unless there are errors upon the instructions. McCormick Har. Mach. Co. v. Buranot, 37 Ill. App. 165; 136 Ill. 170.

The exercise of reasonable care that the place at which the appellee worked should be safe, was a duty of the appellant; and if one in authority " gives an order within the scope of his authority, if not manifestly unreasonable, those under his charge are bound to obey, at the peril of losing their situation, and such commands are, in contemplation of law, the commands of the company, and hence it is held responsible for the consequences." C. & A. R. R. v. May, 108 Ill. 288; Stearns v. Reidy, 33 Ill. App. 246; Mann v. Oriental Print Works, 11 R. I. 152; Anderson Pressed Brick Co. v. Sobkowiak, 148 Ill. 573.

It is a fair inference that the condition of the pile was known to " the boss," and among the duties of the appellant was, that " the boss," whom it put in charge, should be capable to appreciate obvious dangers. Being a corporation, it could only act through agents. Consol. Coal Co. v. Haenni, 146 Ill. 614; Monmouth, etc., Co. v. Erling, 148 Ill. 521.

The first count of the declaration is as follows:

" For that, whereas, heretofore, to wit, on January 18, A. D. 1892, to wit, at the county aforesaid, the defendant was possessed of a large pile of ore, and was in the night time causing quantities of said ore to be taken from said pile of ore and conveyed elsewhere in certain wheeled vehicles, and it was the duty of said defendant to have the sides

of said pile of ore of such a shape and so supported that said ore would not fall down and injure the persons engaged in its removal, as aforesaid, and to have the place at said pile of ore, from which ore was being taken as aforesaid, well and sufficiently lighted, so that the persons engaged in removing said ore from said pile might safely perform their work, and see and avoid any danger which might threaten them in the prosecution of said work, yet the defendant did not do its duty in this regard, but carelessly, negligently, *willfully and wantonly* had and kept the side of said pile of ore, from which ore was being removed as aforesaid, so steep, unsupported *and overhanging* that the under part of the same would not support the upper part of the same, and had said place from which said ore was being removed as aforesaid, poorly and insufficiently lighted, so that the persons engaged in removing said ore from said pile of ore could not safely perform their work, nor see nor avoid any danger which might threaten them in the prosecution of their work; and the plaintiff was in the employ of said defendant, and was then and there by said defendant in the night time set to work to assist in moving said ore at said place in said pile of ore, from which ore was being removed as aforesaid, and was by said defendant ordered to work at said place and assist in moving said ore, and the plaintiff then and there protested to said defendant against working with so little light, but said defendant insisted that the plaintiff should work at said place as it then was, *and promised the plaintiff to furnish more light there within a short time thereafter,* and the plaintiff then and there, without fault or negligence on his part, *relying on said promise of said defendant,* the night being dark and stormy, and the plaintiff being ignorant of the dangers of the place, obeyed the order of said defendant and went to work at said place, assisting in moving ore from said pile, when, in consequence of the careless, negligent, *willful and wanton* misconduct of the defendant aforesaid, a large quantity of ore fell from the upper part of said pile of ore to and upon the plaintiff there, and, without fault or negligence on his part, greatly bruised, wounded,

mangled and permanently crippled the plaintiff, and injured him as more fully set out in the last count hereof."

Of the words of that count here in italics, there was no evidence; and the other counts are much like the first with the italicized words left out.

The instructions asked by the appellant upon the refusal of which error is assigned in the brief, all ignore the alleged order by "the boss" to the appellee to work at the pile.

The italicized words can be stricken out without impairing the first count, and therefore the failure to prove them is not important.    Burnap v. Wight, 14 Ill. 301; Sundmacker v. Block, 39 Ill. App. 553.

The judgment is affirmed.