## Chicago & Alton Railroad Co. v. Thomas J. Murphy.
## Frederick P. Bagley v. Thomas J. Murphy.

1. RAILROADS—*Duty to Protect Passengers from Perils Not Incident to Ordinary Railway Travel.*—It is the duty of a railroad company to use ordinary and reasonable care and diligence to protect its passengers from dangers and perils not incident to ordinary railway travel.

2. PRACTICE—*Pleadings After Amendments.*—Where an action is

C. & A. R. R. Co. v. Murphy.

brought by one person for the use of another, and after pleas are filed the declaration is amended by striking out the words "for the use of, etc.," it is not necessary for the defendant to plead over to the declaration as amended.

3. MALICE—*When the Gist of an Action—How Determined.*—Whether malice is the gist of an action is to be determined by an inspection of the record.

4. PLEADINGS—*Defects, When Cured by the Verdicts.*—Defects and omissions of pleadings, in substance or form, which would have been available on demurrer, are cured by the verdict, where the issues joined are such as necessarily require proof of the matters so defectively presented.

5. DAMAGES — *Large Damages Rarely Sustained, When.*— Large damages have rarely, if ever, been sustained in this State, except where a permanent injury has occurred.

6. REMITTITUR—*For Excessive Verdicts, Suggested in the Appellate Court.*—When the Appellate Court is of the opinion that the verdict in a case under consideration is excessive, it may order the judgment affirmed on condition that a certain amount is remitted within a given time, otherwise that it be reversed and remanded.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed in case a remittitur is filed as suggested, otherwise reversed and remanded. Opinion filed December 24, 1901.* Mr. Presiding Justice FREEMAN dissenting.

JAMES H. TELLER and DEFREES, BRACE & RITTER, attorneys for appellant.

L. P. WILCOX and C. M. HARDY, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

These two appeals are prosecuted separately, from the same judgment, on the same record. The appellee brought suit against both appellants to recover damages for a personal injury suffered by him while a passenger on the cars of the appellant railroad company, through the alleged negligence of appellants.

The appellee was a passenger on a passenger train owned and operated by the appellant railroad company, traveling from Chicago to St. Louis. The appellant Bagley was the

* Remittitur filed and cause affirmed December 31, 1901.

proprietor of a stoneyard adjoining the railway company's right of way, in the city of Chicago, and at the time of the accident, by his workmen, was engaged in hoisting and unloading a large block of stone, about ten feet long, from a flat-car, by means of a derrick, chain and pulleys, in the doing of which the stone, when clear of the car, swung over the track on which the passing train was running and struck against and knocked in the side of the passenger car in which appellee was riding, inflicting the injuries appellee complains of.

A verdict of $6,000 was returned by the jury against the defendants jointly, and judgment was entered on the verdict.

The declaration consisted of three counts, one, charging the injury was produced by a wrongful act of both defendants; another, that it was produced by the wrongful act of the railroad company only, and the other that it was produced by the wrongful act of Bagley only. All the counts charged that the wrongful acts complained of, were willfully, wantonly, maliciously, carelessly and negligently done.

Neither defendant demurred to the declaration, but each interposed a separate plea of not guilty. The negligence of both appellants, in the premises, is complained of. No claim is made that the appellee was guilty of any negligence contributing to the injury, but it is urged that the appellants, and especially the railroad company, was not guilty of any negligence for which the law affords redress to a person injured; that so far as the railroad company is concerned the injury sustained was the result of a sudden and unforeseen danger from an external cause in no wise connected with the operation of the railroad, and the presence of which the railroad company was not bound to anticipate and guard against.

With reference to the duty of a railroad company to protect its passengers from " dangers and perils not incident to ordinary railway travel, the carrier is only held to the use of ordinary and reasonable care and diligence." Chicago and Alton R. R. Co. v. Pillsbury, 123 Ill. 9.

C. & A. R. R. Co. v. Murphy.

The duty of the railroad company is alleged in the declaration, to watch for and avoid impending dangers and dangerous structures and things upon and along the course of the railroad, and the breach of duty in such respect is alleged to be that the railroad company did not regard its said duty, but negligently ran its train in such manner as to bring it into contact and collision with the stone.

The evidence tending to support such allegation is that the railroad track at the place in question ran a long distance (about 1,000 feet) in a straight line, and that the car, stone and derrick used in removing the stone, could have been seen for the entire distance by any one who looked; that before the train came in sight the stone had been lifted from the car and was swinging in the air, and that in ample time to have stopped his train the engineer was leaning out of his cab window looking ahead along the track, and there is evidence tending to show that the engineer did actually see the situation, and waved his hand to the man guiding the swing of the stone to pull it around out of the way. The engineer denied that he saw the stone swinging in the air, but was looking ahead for a semaphore beyond it, and did not see it until at the moment of his engine passing it. The question is, however, whether there was any evidence fairly tending to show the engineer's negligence, which required the case to be submitted to the jury, and we think there was. According to the testimony of the engineer, the train was running only at the rate of five miles per hour, which was a rate that would have enabled the train to have been stopped in a very short distance, by applying the airbrake. The declaration was originally by appellee for the use of a named assignee of the cause of action. On the trial the declaration was amended by appellee by striking out the words " suing for the use of," etc., and appellants were refused leave to plead over to the declaration. This was not error. West Chicago Street R. R. Co. v. Lundahl, 183, Ill. 284; Burnap v. Wight, 14 Ill. 301.

If the seventh instruction, given in behalf of Bagley, was erroneous, as modified and given, the error was cured by

the ninth instruction, given by the court of its own motion, which told the jury "that as to each of the defendants the plaintiff must establish his case by a preponderance or greater weight of the evidence."

It is claimed by the railroad company that the court erred in modifying an instruction offered by it, so as to make the degree of care to be exercised by the railroad company, in avoiding the stone, to be that of the highest "under the circumstances, in running its said train, consistent with the due operation of its road." We think the modification was correct in the case, supposed by the instruction, of running the train after notice of the operation of the derrick and while there was yet time to stop the train.

There was no error in the refusal of instructions numbered from 11 to 15, offered by Bagley, on the subject of willfulness and wantonness, and proximate cause.

It is urged that, the declaration charging that the injury was the result of willfulness and wantonness, as well as of carelessness and negligence, the appellee was bound to make good the more flagrant charge of the declaration. On the contrary, if there was no evidence to support the charge of willfulness and wantonness it may be treated as surplusage. Illinois Steel Co. v. Schymanowski, 59 Ill. App. 32.

There was here no proof of willfulness and wantonness, and malice not being the gist of the action, no arrest on final process would be allowed. "Whether malice is the gist of the action must be determined by inspection of the record." Beckman v. Menge, 82 Ill. App. 228.

The tenth instruction, given, amply stated the law as to the subject of proximate cause, and it was not error to refuse the others that were asked upon the same subject, singling out different acts. Besides, it does not follow that though the railroad company was guilty of the negligence which was the proximate cause of the injury, Bagley might not also have joined in such act of negligence.

Both appellants next insist that the motion in arrest of judgment should have been allowed because the declaration fails to allege that appellee was at the time of the injury

in the exercise of due care for his own safety; and because there was a misjoinder of counts.

We need not consider this objection because neither the sufficiency of the declaration in such respect, nor the alleged misjoinder, was raised by demurrer, and the alleged defects were cured by the verdict.

" Defects and omissions in pleadings, in substance or form, which would have been available on demurrer, are cured by the verdict where the issues joined are such as necessarily require proof of the facts so defectively presented, and without which proof it is not to be presumed that the court would have directed, or the jury would have given the verdict."    B. & O. S. W. Ry. Co. v. Keck, 185 Ill. 400.

It is not, here, the joining of distinct causes of action against different defendants (Sleeper v. Banquet Hall Company, 166 Ill. 57), but is the case of the commission of a joint tort, for the commission of which, we apprehend, each wrongdoer may be sued separately, or both jointly, or both jointly and separately, in one declaration.    The injury complained of was the result of the movement of the train with the movement of the stone at the same time.

We think a good case was made for a recovery by the appellee, against both appellants, but not for so much damages as he was awarded.    Compensation is all he was entitled to recover.    The preponderance of the evidence is that he was not permanently injured and has entirely recovered from the effects of the injury sustained by him.

Large damages have been rarely if ever sustained in this State, except where a permanent injury has occurred.    A careful examination of the record satisfies us that $3,000 will amply cover all the damages actually sustained by the appellee, and more he is not entitled to.

If, therefore, appellee shall, within ten days from the date of filing this opinion, file a remittitur of $3,000 from the judgment it will be affirmed for the balance, otherwise it will be reversed and the cause remanded for another trial.

Affirmed if remittitur of $3,000 be entered, otherwise reversed and remanded.

MR. PRESIDING JUSTICE FREEMAN, dissenting:

I am unable to concur in the judgment of affirmance against the railroad company. I fail to discover any evidence tending to show negligence on the part of the engineer. The evidence does not, in my opinion, tend to show that the engineer, as he approached, was able to have seen, in time to stop his train, that the stone was even swinging clear of the platform of the car on the switch track; and there is no evidence that I have found tending to show there was anything in the situation, which the engineer saw or ought to have seen, to indicate the existence of danger, at least until his engine was actually passing the stone which a moment later swung over against the cars of his train.