## Chicago Telephone Company v. Charles Hiller, by his Next Friend.

### Economy Light and Power Co. v. Same.

1. NEGLIGENCE— *Where the Negligence of Two in Combination Causes the Injury, Either is Liable.*—When the negligence of two is, in combination, the proximate cause of an injury, either or both may be held responsible for the consequences resulting from their combined negligence.

2. PRACTICE—*Where Two Defendants Are Sued for a Tort.*—Where two defendants are sued for a tort it is not necessary that both must be found guilty or neither, but one may be convicted and the other acquitted.

Trespass on the Case, for personal injuries. Two cases. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

HOLT, WHEELER & SIDLEY and J. L. O'DONNELL, attorneys for appellant Chicago Telephone Company.

GARNSEY & KNOX, attorneys for appellant Economy Light and Power Company.

J. W. D'ARCY, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee, a minor, by his next friend, brought suit against the Economy Light & Power Company and the Chicago Telephone Company, jointly, for injuries alleged to have been received by him on October 23, 1900, through the negligence of both.

Upon the trial there was a verdict and a judgment in favor of appellee for $2,000, from which each of the defendants prosecuted a separate appeal. The cases were afterward consolidated by stipulation in this court.

The proofs show that Hickory street in the city of Joliet runs north and south; that a block east of Hickory street and parallel to it, is a street known as Broadway, and crossing the two streets at right angles is Division street; that at the time in question the Economy Light & Power Company, a corporation engaged in the business of furnishing electric light and power to its patrons, ran its electric light wires north and south along Hickory street; that at the corner of Hickory and Division streets, these wires passed over the wires of the Chicago Telephone Company, a corporation engaged in furnishing telephone service in said city, which had wires running east and west along Division street; that the telephone company also had wires running south from Division street on the east side of

Broadway to a pole about 200 feet south from the corner, standing in front of St. Joseph's Hospital; that the telephone wires were not insulated and between the corner and said pole passed between the branches of several shade trees; that from the corner of Hickory and Division street, a branch lead of the electric light wires ran east to the corner of Division and Broadway and then diagonally across the street to a transformer attached to the pole above mentioned, from which wires were extended for lighting purposes into the hospital; that between Division street and the pole in front of the hospital, the insulation upon the electric light wires was poor and in places was entirely off; that a short distance north of the corner of Hickory and Division streets a pole bearing the electric light wires, was leaning over at an angle of about forty-five degrees, which caused the wires to sag, so that at said street corner the lower electric light wire was only two or three inches above the wires of the telephone company, and that at the place of crossing the insulation on the electric light wires was ragged and worn; that on the night of October 22d, there was a heavy rain storm, and in the morning it was discovered that the electric light wires had sagged down at said street crossing, until the lower one came in contact with the telephone wires; that during the night the telephone wire was burned off a short distance north of the pole in front of the hospital, and fell across the electric light wires to the ground; that between 8 and 9 o'clock on the morning after the storm, appellee, then a boy twelve years old, and his brother, with other children, were going along the street and noticed the broken telephone wire; that one boy picked it up and afterward another, the latter receiving a slight shock; that a brother of appellee took hold of the wire and received a severe shock which knocked him down, and appellee, in attempting to rescue him, came in contact with the wire, was also knocked down, received severe injuries and became unconscious; that after appellee was detached from the wire which injured him, he was attended by two physicians who happened to be near at the time, and then

removed to a hospital, where he remained for two weeks, and subsequently received further medical treatment; that he has not been well since the injury and that his hand, which was badly burned, is crippled and his nervous system affected.

The theory of appellee and of the telephone company was that the principal cause of the burning of the telephone wire near the hospital was the contact between the telephone and electric light wires at the corner of Hickory and Division streets and this theory is not seriously questioned by the Economy Light and Power Company.

It is argued by appellants that while the declaration charges joint negligence, the proofs show that each company was independent of the other; that neither had any control of the manner in which the other performed its duties; that the most the evidence tends to show for appellee is that each appellant was guilty of a separate act of negligence for which it alone was responsible and not both defendants jointly, and that therefore a joint action can not be maintained against the two appellants.

We are of opinion, however, that the evidence as above set forth tended to show that both the appellants were guilty of negligence, and that the injury to the appellee was the result of a union or united operation of the negligent acts of both appellants; that while the negligence of either of the appellants alone would not have caused the injury to appellee, yet when combined, they produced a condition of affairs which brought about the injury in question, and therefore they should both be held liable. This position is fully sustained by the case of C. & E. I. R. R. Co. v. Mochell, 193 Ill. 208. In that suit a joint action for damages was brought against a steam railroad and a street railway. The former was charged with negligence in running at a prohibited rate of speed in the city. The negligence charged against the latter was that in approaching the right of way of the former and finding the gates down, it did not stop, but instead crashed through the gates, causing a collision with the steam railroad train, whereby a pas-

senger on the street railway car was injured. There was a joint judgment against both the companies, and upon appeal by the steam railroad company, the Supreme Court affirmed the judgment, holding that "the evidence was sufficient to justify the jury in finding that the injury was the result of the joint negligence of the servants of the street railway company and of appellant." In the case of C. & A. R. R. Co. v. Harrington, 192 Ill. 9, it is said: "It is well settled that when the negligence of two is, in combination, the proximate cause of an injury, either or both may be held responsible for the consequences resulting from their combined negligence." To the same effect are the cases of L. E. & W. R. R. Co. v. Middlecoff, 150 Ill. 27, and C. & A. R. R. Co. v. Murphy, 99 Ill. App. 126. In the case of Kansas City v. File, 60 Kan. 157, the Supreme Court of Kansas sustained a judgment against a city and an electric light company, jointly, in favor of a child injured by an electric wire.

Two instructions only were given for appellee, both of which appellants claim to have been erroneous. The first instruction properly told the jury that certain questions were questions of fact, which were to be determined by them under the law and the evidence in the case. The second instruction given for appellee was as follows:

"If the jury believe from the evidence that the plaintiff has proved the allegations contained in one or more counts of his declaration by a preponderance of the evidence, and if the jury believe from the evidence that the plaintiff was injured as alleged, and if you believe from the evidence that the plaintiff at the time of such injury was in the exercise of reasonable care for his safety, and if you further believe from the evidence that such injury, if proved, was caused by or through the negligence of the defendants, or either of them, as alleged in either count of the declaration, then the plaintiff is entitled to recover such damages as you believe from the evidence will compensate him for the injury sustained."

The instruction was literally correct in stating that if the injury was caused by the negligence of the defendants, or either of them, as alleged in either count of the declaration,

Chicago Telephone Co. v. Hiller.

plaintiff was entitled to recover; for where two defendants are sued for a tort it is not necessary that both must be found guilty or neither, but one may be convicted and the other acquitted. C. & W. I. R. R. Co. v. Doan, 93 Ill. App. 247. The instruction was incomplete in not stating that such recovery should be only against the defendant or defendants proven guilty of the negligence, and it could only be erroneous in case the jury were liable to be misled into understanding the court to mean that if one defendant was found guilty of negligence, they should return a verdict against both. But the possibility of the jury being misled was removed by further instructions given by the court. On behalf of the telephone company, two instructions were given the jury, which told them that unless the Chicago Telephone Company was guilty of negligence as charged, they should find it not guilty, and in the forms of verdict given to the jury one form was given to be used in case the jury found against both the defendants, and the other in case they found in favor of one defendant and against the other, and in the latter they were required to name the defendant they found guilty and also the one they found not guilty. When all the instructions were considered together, the jury could not have reasonably understood that appellee's instruction No. 2 above referred to meant that if one defendant was guilty of negligence, they should return a verdict of guilty against both.

Upon a consideration of the evidence as to the damages sustained by appellee, we can not say that the amount allowed by the jury supports the claim that the same was excessive. Certain it is that it was not so excessive as to warrant a reversal of the judgment on that account. The judgment of the court below will be affirmed against both of the appellants.