GEORGE P. BISSELL *et al.*

*v.*

THE CITY OF KANKAKEE.

1. MUNICIPAL CORPORATIONS—*of their power to issue bonds.* Under the general power incident to municipal corporations, where there is no express authority, to issue their bonds for existing indebtedness or for the purpose of borrowing money for municipal purposes, is not included the power to issue these bonds as a simple donation.

2. SAME—*bonds of, issued without authority, whether void in the hands of innocent purchasers without notice.* The bonds of a municipal corporation, issued without legal authority, are void even in the hands of an innocent purchaser without actual notice of the want of power in the corporation to issue them. The authority of a municipal corporation to issue bonds being derived from public laws, and the avenues to information in regard to the laws and ordinances of such corporations being open to public inspection, the holder of such securities will be presumed to have examined them and to have known whether the corporation had the requisite power to issue the bonds.

3. JUDGMENT *on overruling demurrer—whether should be final.* Where there are several pleas, and a demurrer is overruled to one of them, which answers the whole declaration and is in bar of the action, if the plaintiff elects to stand by his demurrer, the defendant is entitled to final judgment.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. JOHN WOODBRIDGE, for the appellants.

Mr. WILLIAM POTTER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration is in debt, and counts on ten bonds, each for the sum of five hundred dollars, issued by the city of Kankakee to "The Douglas Linen Company," and by that company endorsed and delivered to the appellants.

The appellee filed two pleas : first, *nil debet,* and second, *non est factum,* upon which issue is joined.

The special pleas in bar of the action are in substance the same. The principal averments are, that the several causes of action in the several counts of the declaration are for one and the same thing, viz: for the bonds or writings obligatory therein declared on, and for no other cause ; that the city of Kankakee was a municipal corporation organized under and by virtue of an act of the legislature ; that it is a corporation of limited powers ; that the several bonds were executed by the city by its officers without authority of law and in violation of the authority conferred upon it by the act of the legislature ; that the bonds were executed and delivered to " The Douglas Linen Company," and were given as a donation to that company to enable it to engage in the manufacture of linen thread and linen fabrics ; that no consideration was given by the company to the city for the bonds so issued, or any or either of them, and hence that the bonds were and are wholly void.

A demurrer was interposed to the several special pleas setting up this defense, and was by the court overruled and final judgment entered, and that decision is the principal error assigned.

It is not pretended that the city had any special authority under any act of the legislature to issue the bonds which are the subject of this action.

The right to recover is based on the ground that a municipal corporation has a general power incident to all such corporations, as held by this court in *The City of Galena* v. *Corwith,* 48 Ill. 423, to issue bonds for any indebtedness; and on the further ground that the appellants, who were alleged to be the innocent holders of these bonds, had no notice of the want of authority on the part of the city to issue them.

We do not think either ground assumed can be maintained.

The bonds were not issued by the city in liquidation of any previous indebtedness, as were the bonds in Corwith's case,

*supra,* and hence that case and the others cited can have no application.

This was not a borrowing of money for municipal purposes, or the payment of any indebtedness, but simply a donation to "The Douglas Linen Company," to enable it to embark in the manufacture of linen fabrics in that city. The legislature had never conferred upon that city any power to make donations for such purposes. It was held, in *Trustees, etc.* v. *McConnel,* 12 Ill. 138, that a municipal corporation, being a mere creature of the law, can only exercise such powers as are conferred upon it by the act creating it. Manifestly, therefore, the acts of the officers of the city of Kankakee in issuing the bonds for the purpose of making a mere donation to "The Douglas Linen Company," were *ultra vires.* No warrant for their action can be found in their city charter, or in any act of the legislature.

This is not a case where there has been an irregular or defective execution of a power in issuing bonds by a corporation having lawful authority to do so, but here there is a total want of authority, and hence the bonds are absolutely void. *Marshall Co.* v. *Cook,* 38 Ill. 44; *Schuyler Co.* v. *The People,* 25 Ill. 181; *Supervisors, etc.* v. *Clark,* 27 Ill. 305.

It is urged that where a corporation has power under any circumstances to issue negotiable securities, the *bona fide* holder has a right to presume they were issued under circumstances which gave the requisite authority; and because the holders in this instance had no notice of the want of authority, the bonds can not be impeached in their hands, and the case of *Gelpcke* v. *The City of Dubuque,* 1 Wallace, 203, is relied on as authority.

Whatever presumptions may be indulged with regard to private corporations, created by acts of the legislature to facilitate the transaction of commercial and other business of a private character, it has been held in *Marshall Co.* v. *Cook, supra,* that no such presumptions prevail in regard to municipal corporations.

In the case of *Marsh* v. *Fulton County*, 10 Wallace, 676, it has been decided by the Supreme Court of the United States that bonds issued by a county in aid of the construction of a railroad without legal authority were absolutely void. The same point was made in that case as in the case at bar, that the plaintiff was an innocent purchaser of the bonds without notice of their invalidity, and it was held that the authority to contract must exist before any protection as an innocent purchaser can be claimed by the holder; and no such authority appearing, the bonds were declared void in the hands of the plaintiff, who was in fact a purchaser without notice of the want of power in the county to issue them.

The authority of a municipal corporation to issue bonds is derived from public laws, and the avenues to information in regard to the law and ordinances of such corporations being open to public inspection, the holder of such securities will be presumed to have examined them, and to have known whether the corporation had the requisite power to issue the bonds. He has no such opportunity in regard to private corporations. Their by-laws are not open to inspection by those who deal in securities issued by them, and hence the reason for the distinction that has been taken.

The holder of the bonds involved in this action had every opportunity to know whether the city had any lawful right to issue them, for the reason that its authority, if any existed, was to be found in public statutes, and if they did not in fact examine, as was their privilege to do before buying, they will be presumed to have done so, and to have known that they were issued without authority of law, and therefore void in the hands of any holder, either with or without notice.

The pleas presented a full and complete defense to the bonds in the hands of the appellants, and the demurrer was properly overruled.

It is insisted that it was error to enter final judgment while there were issues of fact undisposed of. The only issues formed were on the pleas of *nil debet* and *non est factum.* Our

attention has been directed to the following cases, as holding the doctrine insisted upon: *Dole* v. *Kennedy*, 38 Ill. 282; *Parker* v. *Smith*, 1 Gilm. 411; *McAllister* v. *Ball*, 24 Ill. 149; *Armstrong* v. *Webster*, 30 Ill. 333.

It will be found, upon examination, that the doctrine of these cases is, that where the demurrer has been sustained to a part of the pleadings, and any part remains undisposed of, it is error to enter final judgment. For example, where a special plea only purports to answer a part of the declaration, and a demurrer is overruled, it would be error to enter final judgment without disposing of such issues of fact as may have been formed on other pleas in the case.

But where, as in the case at bar, the plea answers the whole declaration, and is in bar of the action, it is not irregular, on overruling the demurrer, if the plaintiff chooses to stand by his demurrer, to enter final judgment, for the reason that nothing remains to be tried. *Smith* v. *Dysart*, 12 Ill. 458; *Armstrong* v. *Webster et al. supra*; *Dana* v. *Bryant et al.* 1 Gilm. 104.

The rule established by the cases last cited is, that if a defendant shall succeed on one plea, which answers the whole declaration, he shall have judgment in bar of the action.

Upon the whole record, we are of opinion that the judgment should be affirmed.

*Judgment affirmed.*