JOHN B. KIMBALL
v.
CITIZENS' SAVINGS BANK.

REPLEVIN—JUDGMENT FOR RETURN OF PROPERTY.—To the declaration in replevin defendant pleaded *non cepit*, *non detinet*, property in another; that the property was held under certain writs of attachment and execution; and former adjudication. The plaintiff filed a demurrer to the third, fourth and last pleas, which was overruled, and electing to stand by his demurrer, the court rendered judgment against plaintiff for costs. *Held*, that under the state of the pleadings, it was the duty of the court to render final judgment against the plaintiff, and for a return of the property.

ERROR to the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Messrs. SMITH & STEPHENS and Mr. LUCIEN EATON, for plaintiff in error; that judgment should have been for return of the property, cited Rev. Stat. 1874, 853, § 22; King v. Ramsey, 13 Ill. 619; Underwood v. White, 45 Ill. 437.

Electing to stand by a demurrer is an admission of record of the allegations, equivalent to a finding by a jury: Nispel v. Laparle, 74 Ill. 306.

A failure to except to the judgment in the court below is not a waiver of the error: Richeson v. Ryan, 14 Ill. 74; Thayer et al. v. Finley et al. 36 Ill. 264; Kern v. Zink, 55 Ill. 449; Stuart v. The People, 3 Scam. 395; Sloo v. State Bank, 1 Scam. 428.

Messrs. DONOVAN & CONROY, for defendant in error; that the court had a right to try all the issues in the case, cited Campbell v. Head, 13 Ill. 122; Butler v. Mehrling, 15 Ill. 488; Hopkins v. Ladd, 35 Ill. 178.

No motion for a new trial was made and no exception taken, and this court cannot inquire into the finding of the court below: Lawson v. Langhaus, 85 Ill. 138; Nimmo v. Kuykendall, 85 Ill. 476; Reichwald v. Gaylord et al. 73 Ill. 503; Choate v. Hathaway, 73 Ill. 518; Bills v. Stanton, 69 Ill. 51; Law v. Fletcher, 84 Ill. 45; Boyle v. Levings, 28 Ill. 314; Pottle v. McWorter, 13 Ill. 454; St. L. A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326; Culver v. Hide and Leather Bank, 78 Ill. 625; Gardner etal. v. Russell, 78 Ill. 292; Parsons v. Evans, 17 Ill. 238; Force M'f'g Co. v. Horton et al. 74 Ill. 310; People v. Green, 54 Ill. 280; Prout et al. v. Grout et al. 72 Ill. 456; McPherson v. Nelson, 44 Ill. 124; Kern v. Strasberger, 71 Ill. 303.

TANNER, P. J. In this case the defendants in error sued out a writ of replevin in the Circuit Court of Jackson county, Illinois, for one hundred and thirty tons of pig iron, then in the hands of plaintiff in error. The writ was duly executed and the property delivered to the defendant in error. The declaration contains two counts: one for the unlawful taking, the other for the unlawful detaining of the above described property. To this declaration, plaintiff in error filed four pleas, viz: 1. *Non cepit.* 2. *Non detinet.* 3. That the Big Muddy Iron Company was owner of the property described in the declaration. 4. That said property was held under certain writs of attachment and special executions, fully set forth in the record. Demurrers were filed to the third and fourth pleas, and were overruled, and leave granted defendant in error to reply. The plaintiff

in error, by leave, then filed a plea of former adjudication. To this last plea a demurrer was filed by defendant in error and overruled by the court. The defendant in error declined to plead further in the cause, and thereupon judgment was rendered in the following words: "It is considered and adjudged by the court that said plaintiff take nothing by his suit, and that the defendant go thereof without day, and that the defendant do recover against the plaintiff his costs and charges by him about his defense, in this behalf expended, to be taxed herein, and that he have execution therefor." The plaintiff in error brings the case to this court, and alleges that the court erred in not rendering judgment for the return of the property.

On the state of pleadings presented by the record, the court should have awarded a return of the property. The defendant in error in the first place filed a general demurrer to the 3d and 4th pleas; the demurrer was overruled, and leave was given to reply, but no replication was filed. The record, however, stood open in this respect down to the time the defendant in error filed his 5th plea. The court overruled a demurrer to this plea, as well as to the 3d and 4th pleas. The defendant in error then announced that he would "stand by his demurrer to the pleas, and that he did not wish to plead further." At this point he had not taken issue upon any of the pleas. By the demurrer the facts set out in the 3d, 4th and 5th pleas were admitted to be true, and the court in overruling the demurrer, declared the law to be with the plaintiff in error. When the defendant announced that he stood by the demurrer, and did not wish to plead further, he declined to take issue on any of the pleas interposed to the action. It was then the duty of the court, if any of the pleas presented a complete bar to the action, to enter final judgment for the plaintiff in error. Bissell v. City of Kankakee, 64 Ill. 249; Smith v. Dysart 12 Ill. 458; Dana v. Bryant, Geo. 104.

We have carefully looked into the several pleas to which demurrers were sustained, and have no hesitation in holding that the court was required to enter final judgment for the plaintiff in error. The statute provides that: "If the plaintiff in an action of replevin fails to prosecute his suit with effect, or

suffers a nonsuit or discontinuance; or if the right of property is adjudged against him, judgment shall be given for the return of the property, and damages for the use thereof from the time it was taken until the return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment shall be given against him for costs and such damages as the defendant shall have sustained; or if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held with proper damages, within a given time, or make return of the property." Rev. Stat. 1874, 853, § 22.

Under this statute and the state of the pleadings, the Circuit Court should have awarded a writ of *retorno habendo.* For this omission the judgment will be reversed and the cause remanded with leave to the plaintiff in error to move the court for a judgment upon the record in accordance with the foregoing views.

Reversed.