## Louis Lowenstein, Administrator, v. The Franklin Life Insurance Company of Illinois.

1. INSURANCE POLICY—*when defense of death resulting from use of intoxicating liquors not waived.* The fact that an insurance company may by conduct have waived the right to cancel a policy because of the intemperate use by the insured of intoxicating liquors, does not affect its right to defend against an action upon such policy on the ground that the death of the insured resulted from the effects of intoxication.

2. JUDGMENT—*when entry of, proper, notwithstanding plea of general issue remains undisposed of.* The entry of judgment for the defendant is proper notwithstanding a plea of general issue remains on file and undisposed of, where the plaintiff abided, after demurrer sustained, by his replication to a special plea which presented a complete defense.

Action of assumpsit. Error to the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October. 9, 1905.

ALBERT SALZENSTEIN and MARK MEYERSTEIN, for plaintiff in error.

McANULTY & ALLEN, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.
This is a suit by plaintiff in error against defendant in

Lowenstein v. Franklin Life Ins. Co.

error on a policy of life insurance for $3,000 issued August 10, 1903, to William H. Young, whose death occurred September 25, 1904. The declaration consists of one count, in the usual form, setting up the policy *in hæc verba*, and alleging the payment of premiums and the performance by the insured of all the conditions of the policy, and the due execution and delivery of the required proofs of death. To this declaration, defendant in error filed a plea of the general issue and plaintiff in error added his *similiter* thereto.

Defendant in error also filed a special plea averring that the policy of insurance sued on was issued and delivered to the insured and accepted by him under and in consideration of a written application therefor, executed by the insured and delivered to defendant in error, August 10, 1903, wherein the insured agreed that if within two years from the date of any policy issued to him upon said application he should become intemperate in the use of narcotic or alcoholic or other stimulants, or in the event of his death as the result of the use of narcotic or alcoholic or other stimulants, then said policy should be null and void; that by the terms of the policy said application was made a part thereof, and that within two years from the date of said policy, the insured died as the result of the use of alcoholic stimulants, by reason of which said policy became and has ever since remained null and void. To this special plea plaintiff in error replied that the insured on August 10, 1903, and for sometime previous thereto and continuously from said date to the date of his death, was habitually and confirmedly addicted to the intemperate use of alcoholic liquors; and that defendant in error on the date when said policy was issued and for sometime previous thereto and ever since said date well knew that the insured was so habitually and confirmedly addicted to the intemperate use of alcoholic liquors, and so well knowing all of the same, issued said policy to said insured. By leave of court, plaintiff in error subsequently filed three additional replications to said special plea. The first avers, that on July 5, 1904, and long before the death of the insured, defend-

ant in error had due notice that said insured was habitually, confirmedly and so excessively using alcoholic liquors that by reason thereof his life was seriously endangered, and that such use of said liquors by said insured was so seriously impairing his life that the necessary result would be that he would die therefrom in the near future; that notwithstanding such knowledge of the defendant in error it kept said policy in full force and effect to the date of the death of said insured.

The second additional replication avers that the policy in question was issued to insured in consideration of the payment by him to defendant in error of $143.99, and that defendant in error then well knew that said insured was habitually and confirmedly addicted to the intemperate use of alcoholic liquors. The third additional replication avers that at the time the alleged application for the policy in question was obtained from said insured, and when the signature of insured was procured thereto, said insured was then and there so intoxicated by the drinking of spirituous liquors that he could not and did not then know what was contained in said application, which fact was well known to defendant in error; that said insured did not see said application thereafter, or then or thereafter know the contents thereof, but died in ignorance of the provision set up as a defense in the special plea. The demurrer of defendant in error to the original and three additional replications was sustained by the court, and plaintiff in error electing to abide by his said replications, judgment was entered against him in bar of the action and for costs.

The demurrer to the several replications to the special plea was properly sustained. The plea does not aver facts constituting a forfeiture of the policy in the lifetime of the insured, as that within two years from the date of the policy he became intemperate in the use of narcotic or alcoholic stimulants, but avers his death resulting from the use of alcoholic stimulants, as the ground of forfeiture.

If the intemperate use by the insured of alcoholic stimulants had been the ground of forfeiture relied upon by de-

fendant in error, as a defense to the action on the policy, the facts averred in the original and first and second additional replications would amount to a waiver of such ground of forfeiture, but no facts are averred amounting to a waiver by defendant in error of the forfeiture occasioned by the death of the insured as the result of his use of alcoholic stimulants. In Newman v. Covenant Mutual Ins. Co., 76 Iowa, 56, the certificate provided that if the insured "shall use alcoholic, narcotic, or other stimulants to such an extent as to injure his or her health, or produce *delirium tremens*, or shall die while intoxicated, or from the effects of drunkenness, the certificate shall be void and of no effect." There was proof in that case that the agent of the insurer had full knowledge of the intemperate use by the insured of alcoholic stimulants, and that the insured was an habitual drunkard, but the court held that the waiver of the right by the insurer to cancel the certificate on those grounds did not operate to waive the provision voiding the policy if the insured died from the effects of intoxication or while intoxicated. Joyce on Insurance, vol. 3, sec. 2613.

The averment in the first additional replication that defendant in error had due notice that the insured was habitually, confirmedly and so excessively using alcoholic liquors that by reason thereof his life was seriously endangered, and that such use of said liquors by said insured was so seriously impairing his life that the necessary result would be that he would die therefrom, is the mere statement by the pleader of his conclusion and not the averment of a fact upon which a waiver of the defense in the plea may be predicated.

By the terms of this policy, the application by the insured was made a part of such policy. The third additional replication avers the intoxication of the insured at the time he signed the application and his ignorance of its contents; but does not aver that the insured was ignorant of the terms of his policy whereby the application became a substantial part of his contract of insurance. A policy is-

636    APPELLATE COURTS OF ILLINOIS.

sued upon an application obtained under the circumstances averred in the replication would be voidable, not void, and no facts are averred excusing the failure of the insured to have his contract of insurance canceled or reformed.    Furthermore, the policy constitutes an entire contract and plaintiff in error cannot affirm it in part and at the same time disaffirm it in part.

It is insisted by plaintiff in error that the court below erred in rendering judgment in bar of the action while the plea of the general issue remained undisposed of.    The special plea filed by defendant in error presented a complete defense to the entire cause of action upon the policy, and when the court sustained a demurrer to the several replications thereto and plaintiff in error abided his replications, no issue of fact remained to be tried.    Bissell v. City of Kankakee, 64 Ill. 249.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*