## Shea Smith v. William A. Alexander.

### Gen. No. 12,558.

1. CONTRACT—*sale, with agreement to repurchase, valid.* A contract is valid by which stock is sold with an accompanying undertaking by the vendor to repurchase within a specified period.

2. FALSE REPRESENTATIONS—*when do not confer cause of action.* Mere representations of value by the vendor, even though false, are not actionable.

Action of assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed June 14, 1906. Rehearing denied October 8, 1906.

ARTHUR B. WRIGHT, for appellant.

SAMUEL S. PAGE and ARTHUR B. FLEAGER, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to appellant's declaration, which consists of five counts, the second count being an amended count. The first count is as follows:

"For that, whereas, heretofore, to-wit, on the 18th day of June, 1891, at to-wit, the City of Chicago in the County of Cook and State of Illinois, the said plaintiff bargained for and bought of the said defendant, and said defendant sold and delivered to said plaintiff, fifty (50) shares of the capital stock of the Drexel Car Coupler Company, a corporation organized under the laws of the State of Illinois, for the sum of three thousand dollars ($3,000), good and lawful money of the United States, which said sum of money the said plaintiff then and there paid to the said defendant, on condition that the said defendant would, at any time within one year thereafter, when he should thereunto be requested by the said plaintiff so to do, re-

purchase the said fifty (50) shares of the said Drexel
Car Coupler Company and pay to the said plaintiff
therefor the said sum of three thousand dollars
($3,000) and interest thereon from the date of said sale
at the rate of seven (7%) per centum per annum; and
the said plaintiff, afterwards, to-wit, on the 18th day
of June, 1892, and at many other times during, to-wit,
the period of one year from the 18th of June, 1891, at,
to-wit, the City of Chicago, in the County of Cook and
State of Illinois, tendered to the said defendant the
said fifty (50) shares of stock of said Drexel Car Coup-
ler Company and demanded and requested the said de-
fendant to repay to the said plaintiff the said sum of
three thousand dollars ($3,000) and interest as afore-
said, according to the tenor and effect of said agree-
ment. And the said defendant thereby became and
was liable to pay to the said plaintiff the sum of three
thousand dollars and interest thereon at the rate of
seven per centum per annum from the date of said sale,
to-wit, from the eighteenth day of June, A. D. 1891,
and being so liable the said defendant afterwards, to-
wit, on the day aforesaid, at, to-wit, the City of Chi-
cago, in the County aforesaid, promised to pay to the
said plaintiff the said sum of three thousand dollars
and interest aforesaid. Yet the said defendant, through
frequently requested by the said plaintiff so to do,
failed and refused to pay to the said plaintiff the said
sum of three thousand dollars ($3,000) and interest,
according to the tenor and effect of said agreement,
but then and there requested the said plaintiff to ex-
tend and enlarge the time limited by said agreement
within which he, the said defendant, should be required
to repurchase said shares of stock in said Drexel Car
Coupler Company. And afterwards, on, to-wit, the 9th
day of November, 1893, the said defendant at, to-wit,
the City of Chicago in the County aforesaid, being so
liable to pay said sum of money and interest as afore-
said, in consideration of the promises and in consider-
ation of the extension by the said plaintiff of the time
within which the said defendant should be required to
repurchase said shares of the capital stock of said
corporation, and repay to said plaintiff said sum of

three thousand dollars and interest thereon at the rate of seven per centum per annum, as aforesaid, undertook and agreed to and with the said plaintiff in and by a certain letter in writing duly signed by said defendant, to repurchase of and from the said plaintiff said fifty (50) shares of the capital stock in said corporation on or before the 19th day of July, 1894, and to pay to the said plaintiff therefor the said sum of three thousand dollars therefor, and also to pay to said plaintiff interest on the said sum of three thousand dollars ($3,000) at the rate of seven per centum per annum until paid, which said letter, contract or agreement was in words and figures following, that is to say:

'November 9, 1893.

SHEA SMITH, ESQ., Van Buren St., City:

Dear Sir: Enclosed please find check for two hundred and ten dollars ($210), being seven per cent (7%) interest on three thousand dollars ($3,000) invested in Drexel stock for one year, beginning July 19, 1892, and ending July 19, 1893. Will pay you the same amount July 19th next or take the stock off your hands between now and that time. Pardon me for overlooking this, please.

Yours truly,

W. A. ALEXANDER.'

Which said letter, contract or agreement was delivered to and received and accepted by said plaintiff on, to-wit, the eleventh day of November, 1893, and there and thereby the said letter and contract became and was valid and binding and in full force and effect between the said defendant and the said plaintiff.

And the plaintiff avers that afterwards, to-wit, on the 19th day of July, 1904, the said plaintiff at, to-wit, the City of Chicago, in the County and State aforesaid, and during the business hours of said day, to-wit, between the hours of 9 o'clock A. M. and 5 o'clock P. M. on said day, tendered to the said defendant said fifty (50) shares of stock in the Drexel Car Coupling Company, and demanded and requested of the said defendant the said sum of three thousand dollars ($3,000) and interest, as aforesaid, and there and thereby the

said defendant became and was liable to pay to the said plaintiff the said sum of three thousand dollars and interest as aforesaid, and being so liable the said defendant afterwards, to-wit, on the day aforesaid, at, to-wit, the city and county aforesaid, promised to pay to the said plaintiff said sum of three thousand dollars and interest as aforesaid. Yet the said defendant, though often requested, failed and refused to accept and receive said shares of stock, and wholly failed and neglected to pay to the said plaintiff said sum of three thousand dollars ($3,000) and interest thereon, as aforesaid, or any part thereof. And the said plaintiff now here in open court comes and tenders to the said defendant the said fifty (50) shares of the capital stock of said corporation aforesaid."

Counsel for appellee, in their argument, say: "This count may be taken as an illustration of all, although they differ somewhat in details." Appellee demurred generally and specifically to each count.

Before considering the sufficiency of the first count, and preliminary thereto, certain misconceptions of counsel may be noticed. Counsel for appellee assume, in their argument, that the agreement declared on was oral, because it is not averred to have been in writing. When a statute provides, as does the Statute of Frauds, that certain contracts, to be valid, must be in writing, it is not necessary, in declaring on such a contract, to aver that it was in writing. Browne on the Statute of Frauds, 4th ed., section 505, and cases cited. *A fortiori* this is true when, as in this case, the contract is not required by law to be in writing. Counsel for the parties, respectively, refer to the Statute of Limitations as applicable to the declaration. The decision of the court was on demurrer to the declaration, and, in passing on the demurrer, the court was limited to inspection of the declaration. It is not averred in the first, or any other count of the declaration, when the suit was commenced; consequently, no question as to the Statute of Limitations is raised by the demurrer.

Whether, if the date of commencement of the suit had been averred in the declaration, the Statute of Limitations could have been relied on, on demurrer, is a question not before us, and on which we express no opinion. In the first count, next preceding the words "and afterwards, on, to-wit, the 9th day of November, 1893," is averred, in apt language, a good cause of action. On demurrer, the material facts well pleaded must be assumed to be true, for the purpose of passing on the demurrer.

The agreement averred is, in substance, that the plaintiff (appellant here) purchased, June 18, 1891, of the defendant fifty shares of the capital stock mentioned, for the sum of $3,000, which plaintiff paid to the defendant, on the condition that the defendant would, at any time within one year thereafter, on plaintiff's request, repurchase the same from plaintiff, and pay therefor $3,000 with interest at 7 per cent. per annum from the date of sale. This was a valid agreement (Ubben v. Binnian 182 Ill. 508; Wolf v. National Bank of Illinois, 178 ib. 85), and its breach by appellee is sufficiently stated. Counsel for appellee contend that there was no consideration for any agreement, on appellant's part, to grant any extension of time to appellee for the repurchase by appellee of the stock, and that there being no consideration, appellant was not bound by the letter and its alleged acceptance, and might have sued appellee at any time, notwithstanding the same. In this view we concur. Counsel for appellant urge that appellant did, in fact, forbear for a year; but the declaration, to which only we can look in reviewing the decision of the learned judge of the trial court on the demurrer, does not so aver, and, therefore, we cannot know it. We are also inclined to support the view of counsel for appellee that, while the letter of November 9, 1903, may be important to appellant as evidence on the trial in case the Statute of Limitations shall be pleaded and a new promise re-

plied, it should not have been pleaded. However, if these views are correct, the part of the count relating to the extension of time for appellee to repurchase, and to the letter of November 9th, may be disregarded as surplusage, and, as such, cannot prejudicially affect the prior part of the count, which, as we have stated, avers a good cause of action. *Utile per inutile non vitiatur.* Broom's Legal Maxims, 8th Am. ed., sections 627 and 628; Lusk v. Cook, Beecher's Breese, 84. Mere surplusage is not reached by demurrer. 1 Chitty on Pl., 9th Am. ed., 229.

We are of opinion that the first count is good.

The third count avers a guaranty; but, in so averring, alleged false representations of the value of the stock by appellee are evidently relied on as a guaranty. The doctrine is familiar that mere representations of value by a vendor are not actionable, even though false. Endsley v. Johns, 120 Ill. 469, 480.

We think the amended 2nd count, and the 4th and 5th counts good counts. The suit is on the original agreement, independent of the letter of November 9, 1893, and the effect of that letter, if the appellee should plead the Statute of Limitations, is a question not before us on this appeal.

The judgment, in so far as it sustains the demurrers to the first count, the amended 2nd count, and the 4th and 5th counts, will be reversed, and the cause will be remanded, appellant to recover his costs of this court.

*Reversed and remanded.*