## Frank H. Meyer v. City of Decatur.

1. APPEAL—*what not final order in mandamus.* A judgment for costs entered against the petitioner in a *mandamus* proceeding is not a final and appealable order. It must appear by the order that the petition was dismissed in order to constitute the order final and appealable.

2. JURISDICTION—*when Appellate Court will raise question of.* The Appellate Court, of its own motion, will refuse to determine a cause where it appears from the transcript that it is without jurisdiction.

*Mandamus.* Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1906. Appeal dismissed. Opinion filed June 1, 1907.

C. E. SCHROLL, for appellant.

W. NAY BOGGESS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellant filed a petition in the Circuit Court of Macon county for a peremptory writ of *mandamus,* to compel the city of Decatur, appellee, to grant to him a license to sell intoxicating liquors at retail, in said city. The appellee city filed an answer to said petition, to which the petitioner interposed a demurrer. The court overruled the demurrer and the petitioner elected to stand by the same. It appears from the abstract of the record that the following judgment was then entered by the court: "Therefore, it is considered by the court that the respondent, city of Decatur, do have and recover of and from the petitioner, Frank H. Meyer, its costs and charges in this behalf expended and that it have execution therefor," and then follows the prayer and allowance of an appeal. This appeal must be dismissed, for the reason that the foregoing judgment is not final but interlocutory only. It is for costs merely. "That a judgment is final is not to be determined inferentially from the mere fact that costs and execution therefor are adjudged against one of the parties. The costs are regulated by statute and follow as an incident to final judgment, but the character of a judgment, whether final or interlocutory, is to be determined from other considerations than that it awarded costs. It must, to be final, terminate and completely dispose of the action." Lee v. Yanaway, 52 Ill. App. 23; 1 Black on Judgments, section 31.

The sustaining of a demurrer, though it be directed to the very elements of the cause of action or to the defense, is not final. 13 Am. & Eng. Ency. of Law, 24. In the case at bar, the petition was permitted to remain pending and undisposed of, and the judgment for costs cannot properly be said to have terminated and completely disposed of the action. Under the statute the Appellate Courts of this state have jurisdiction only of matters of appeal or writs of error from final judgments. Rev. Stat. 1905, p. 601.

The fact that the jurisdiction of this court to entertain the appeal has not been challenged by appellee, would not warrant us in assuming jurisdiction. Where the law has not conferred jurisdiction of the subject-matter upon a court, the parties to a suit cannot, by consent, invest such court with jurisdiction, and it is the duty of such court to dismiss the appeal of its own motion, where a want of jurisdiction appears. Town of Audubon v. Hand, 223 Ill. 367.

The appeal must be dismissed for want of jurisdiction, at the costs of the relator, with leave to appellant to withdraw the record, and to either party to move for judgment in the Circuit Court.

*Appeal dismissed.*