Adams v. Bruner, 152 Ill. App. 123.

## O. C. Adams et al., Appellants, v. Thomas Bruner, Appellee.

APPEALS AND ERRORS—*what not final judgment.* If pleas in bar which answer the whole declaration are sustained after demurrer, and the plaintiff abides by his demurrer, a judgment in bar of the action and for costs should be rendered—a judgment for costs merely is not final so as to sustain an appeal.

Trespass. Appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Appeal dismissed. Opinion filed December 15, 1909.

W. C. HEADEN, for appellants.

CHAFEE & CHEW, for appellee.

PER CURIAM. This is an action of trespass *quare clausum fregit.* To the declaration the defendant pleaded the general issue, and three special pleas. The plaintiffs filed a similiter to the general issue, replied to the second special plea, demurred to the first special plea, and now assigned as to the third special plea. The demurrer to the first special plea was sustained, whereupon the defendant by leave of court filed an additional plea, to which demurrer was interposed.

The bill of exceptions recites that the following proceedings were thereafter had: "Plaintiffs' demurrer to additional pleas overruled, to which ruling of the court plaintiffs then and there excepted and elected to abide by their demurrer to said additional plea. Whereupon, defendant moves the court for judgment upon said additional plea last aforesaid, which motion is by the court allowed, to which ruling of the court the plaintiffs then and there excepted. Therefore, it is considered by the court that the defendant have and recover from the plaintiffs, O. C. Adams, R. F. Adams, O. R. Adams and R. Adams, his costs and

charges in this behalf expended and that he have execution therefor; and the plaintiffs then and there excepted to the action of the court in rendering said judgment against them," etc.

The additional plea in question answered the whole declaration, and the plaintiffs having abided by their demurrer thereto, it would have been proper for the court to enter final judgment upon the plea in bar of the action and for costs. Bissell v. City, 64 Ill. 249. The judgment entered being merely for costs was not final but interlocutory only. Meyer v. City of Decatur, 134 Ill. App. 385. The appeal therefrom will be dismissed for want of jurisdiction, at the cost of appellants, with leave to withdraw the record, and to either party to move for judgment in the Circuit Court.

*Appeal dismissed.*