DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1911.

## William O. LaMonte, Plaintiff in Error, v. William Kent and Henry S. Fitch, Defendants in Error.

## Gen. No. 14,809.

1. SLANDER AND LIBEL—*what defense to action.* The truth of the publication when made with good motives and for justifiable ends is a complete defense to an action for libel.

2. PLEADING—*effect of surplusage.* If a plea in an action for libel sets up a good defense, surplusage contained therein will not render it vicious.

3. PLEADING—*when plea purports to be to whole declaration. Held,* that the plea in this case to a declaration in libel from its reading in the entirety purported to be to the whole declaration.

4. PLEADING—*when defendant entitled to judgment upon overruling of demurrer to pleas.* Where a demurrer to one of several pleas is overruled (which plea answers the whole declaration) and the plaintiff elects to stand by his demurrer, the defendant is entitled to judgment.

Error to the Circuit Court of Cook county; the HON. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed October 3, 1911. Rehearing denied October 17, 1911. *Certiorari* denied by Supreme Court (making opinion final).

EDWARD H. MORRIS, for plaintiff in error.

JOHN MAYNARD HARLAN and LEWIS W. MCCANDLESS, for defendants in error.

(1)

MR. JUSTICE CLARK delivered the opinion of the court.

In 1896 the plaintiff in error was a candidate for the office of member of the Legislature from the Fifth Senatorial District in Illinois. The defendants in error together with W. D. Washburn issued a circular to the voters of the district, in which the following language was used:

"Many of our citizens, feeling most deeply the disgrace that had been thrust upon them in the nomination of Wm. O. LaMonte * * * a man who has been caught in embezzlement, in passing bogus drafts * * * have induced Mr. Joseph Powell to run as an Independent Republican by petition. In voting for Mr. Powell you do not, in any sense, endanger the Presidential or Gubernatorial ticket, and you will send a clean, capable and aggressive man to Springfield, instead of one unfit for any place of trust. You will teach machine politicians, in this district, at least that they must present the names of capable and honest nominees if they expect popular support."

Suit was brought by the plaintiff in error against the defendants in error and Mr. Washburn for libel, it being later dismissed as to Mr. Washburn. The original declaration was filed October 27, 1896, and an amended declaration April 14, 1905. The amended declaration is in three counts, to which a plea of the general issue was filed by the defendants in error, a similiter to the plea being filed by the plaintiff in error. There were also filed several additional pleas. In the sixth plea, which is the one with which we are now particularly concerned, the following language is used:

"That at and before the time of composing, writing, printing and publishing of the said supposed libel in the third count of said amended declaration mentioned and also before the composing, writing, print-

ing and publishing of the said supposed words in the introductory part of this plea mentioned and in the first and second counts of said amended declaration mentioned the plaintiff was a candidate for election to the office of representative to said General Assembly for the said Fifth Senatorial District and these defendants acting in behalf of said committee and for the purposes and objects above set forth and none other, caused to be investigated the record of the plaintiff, that these defendants in pursuance of the objects aforesaid caused to be composed, written, printed and published the results of their said investigation of the record of said plaintiff, it then being a matter of great and vital interest to the public that the aforesaid objects and purposes of said committee be carried into effect, and it then being necessary for the purpose of carrying into effect the aforesaid purposes and objects of said committee that the public should be informed of the record of the plaintiff.

"That before the time of the composing, writing, printing and publishing of the said supposed libel in the third count of said amended declaration mentioned and also before the composing, writing, printing and publishing of the said supposed words in the introductory part of this plea, and in the first and second counts of said amended declaration mentioned, to-wit: on the 20th day of October, A. D. 1896, the said plaintiff was in the employ of the City of Chicago, Illinois, as Chief Clerk in the Bureau of Water of the Department of Public Works of said city, and to wit: on May 1st, A. D. 1896, said plaintiff made, executed and delivered to one William D. Kent, then Commissioner of Public Works of said city, a certain requisition or order for the payment of the sum of Five Hundred Dollars ($500) to said plaintiff, said requisition or order representing that said sum of Five Hundred Dollars ($500) was for the purchase price of Twenty-

Five Thousand (25,000) two cent stamps, and that in compliance with said requisition or order said Commissioner of Public Works thereupon signed and delivered a voucher to said plaintiff authorizing one Oscar D. Wetherell, then Comptroller of said city, to issue an order or warrant upon Adam Wolf, then Treasurer of said city, for the payment of said sum, and that said comptroller did thereupon issue said order to the said plaintiff and upon presentation of same to said Treasurer of the said City of Chicago, the sum of Five Hundred Dollars ($500) was paid to said plaintiff and that said plaintiff fraudulently converted said sum of money so paid to him by the City of Chicago by its said Treasurer to his own use."

The plea closes as follows:

"Wherefore these defendants at the time mentioned in said amended declaration in, etc., composed, wrote, printed and published of and concerning the plaintiff the said several words imputing to the plaintiff embezzlement in said counts of said amended declaration mentioned without malice, as it was lawful for them to do for the cause aforesaid, and this these defendants are ready to verify.

"Wherefore they pray judgment if the plaintiff ought to have his aforesaid action against them."

To this plea, as heretofore stated, a demurrer was interposed by the plaintiff in error, as well as to the second plea, reference to which will be made hereafter. Both demurrers were overruled and, plaintiff in error electing to stand by his demurrers, judgment was entered in favor of the defendants in error and against the plaintiff in error for costs.

We are now asked to reverse the judgment, the error alleged being that the court improperly overruled the demurrers. In addition to the language quoted from the plea there was incorporated a large amount of matter with respect to the services the defendants in

error were endeavoring to render to the public in preventing the election of plaintiff in error, and also a long extract from a newspaper publication with regard to his acts. The argument of the plaintiff in error is largely based upon the supposition that the plea is an assertion by the defendants in error that the communication upon which the alleged libel is based was privileged, and many cases are cited in the brief upon the proposition that falsely imputing crime to a candidate for office is not privileged but is libelous *per se.* . The defendants in error, on the other hand, insist that the plea is not one of privilege but of justification, and that all of the extraneous matter to which we have referred, but which we do not quote, is proper for that reason.

Article II, section 4, of the Constitution of 1870 provides:

"Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth when published with good motives and for justifiable ends, shall be sufficient defense."

It will be noted that portions of the plea which we have quoted assert the truth of the alleged libelous matter. This under the constitution, if proven, is a complete defense, provided the publication was made with good motives and for justifiable ends. The plea also stated in substance that the plaintiff in error was a candidate for office and that the defendants in error were opposing him because in their opinion he was an unfit man. If he was unfit, then their motive was good and the end sought was justifiable. Commonwealth v. Clap, 4 Mass. 163; White v. Nicholls, 44 U. S. (3 How.) 266. The question before us, therefore, is whether the inclusion in the plea of the large number of other statements renders the plea obnoxious to a demurrer. In Burnap v. Wight, 14 Ill. 301, it was stated with

reference to improper and irrelevant averments in a pleading:

"They may be stricken out on motion; or the court will not allow any evidence to be given under them on the trial. It is well settled that where unnecessary allegations are made in a declaration, which are foreign and irrelevant to the cause, they will be rejected as surplusage, and need not be proved; nor will they vitiate even on special demurrer."

See also Smith v. Alexander, 128 Ill. App. 507.

Under these rulings, we are constrained to hold that the large amount of surplusage contained in the sixth plea does not vitiate it as a plea; that inasmuch as it avers the truth of the statement alleged to be libelous and asserts that the publication was made with good motives and for justifiable ends, it constitutes a sufficient basis for the introduction of proof upon that question; that if such truth were established at the trial it would constitute a complete defense to the plaintiff's claim. The plaintiff further contends that the special demurrer should have been sustained because the conclusion of the plea is faulty in that the plea does not purport to be to the whole declaration. We think, on the other hand, from a reading of the plea that it does purport to be to the whole declaration, and that the contention of the plaintiff in error in this regard is not sustained. It follows, therefore, that the trial court did not err in overruling the demurrer.

The second plea to the amended declaration is based upon the proposition that in the first and second counts of the amended declaration a new cause of action is stated and that the statute of limitations has run. In the view we take of the matter it is unnecessary for us to discuss the assignments of error based upon the action of the court in overruling a demurrer to this plea, because it is the established law of this state that where a demurrer to one of several pleas

is overruled (which plea answers the whole declaration) and the plaintiff elects to stand by his demurrer, the defendant is entitled to judgment.

We are indebted to the attorney for the plaintiff in error for a list of many cases in this state establishing the rule: Dana v. Bryant, 1 Gilman, 104; Ward v. Stout, 32 Ill. 400; Bissell et al. v. City of Kankakee, 64 Ill. 249; People v. Commissioners of Bug River Special Drainage District, 189 Ill. 55; County of Pike v. Cadwell, 78 Ill. App. 201; Lowenstein v. Franklin, 122 Ill. App. 632; Adams v. Bruner, 152 Ill. App. 123.

The overruling of the demurrer to the sixth plea and the election of the plaintiff to stand by the demurrer, disposed of the case.

*Affirmed.*