## Lawrence W. Ferguson et al., Appellees, v. White Oak Coal Company, Appellant.

### Gen. No. 22,470.

1. PLEADING, § 123*—*when plea stands confessed.* A good plea without challenge by answer or replication stands confessed as to matters therein set forth by way of defense.

2. TRESPASS, § 41*—*when declaration disposed of by verified pleas.* A count in a declaration in an action in trespass on the case, *held* disposed of adversely to the plaintiffs by verified pleas constituting a bar which were neither demurred, answered nor replied to.

3. TRESPASS, § 49*—*when evidence shows ownership in defendant.* In an action of trespass on the case for the removal of coal from the plaintiffs' yard, evidence, including a contract executed by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant and the plaintiffs, *held* to show that the coal was the property of the defendant, consigned to the plaintiffs to be sold by them for the defendant on commission.

4. TRESPASS, § 19*—*when taking justified.* A count in a declaration in trespass on the case, alleging that the defendant entered the plaintiffs' coal yard, took coal therefrom and converted it to its own use, *held* not sustained where the evidence showed that in the absence of the plaintiffs the defendant's agent was admitted to the yard, took away some of the coal and the defendant later caused the remainder to be taken away by a sheriff under a writ of replevin.

5. TRESPASS, § 55*—*what not material on appeal when property taken under replevin.* On appeal from a judgment in an action of trespass on the case for the taking of the plaintiffs' property by the defendant, who set up as a defense that it was taken under a writ of replevin, *held* that the outcome of the replevin suit which was not in evidence was immaterial to the disposition of the appeal.

6. TRESPASS, § 49*—*when evidence does not sustain declaration.* In an action of trespass on the case for the taking and converting of books and papers of the plaintiffs, evidence *held* not to sustain plaintiffs' allegation.

7. TRESPASS, § 49*—*when evidence shows property taken peaceably.* In an action of trespass on the case for the taking of coal by the defendant from the plaintiffs' yard, evidence *held* to show that the coal was taken peaceably and that the defendant had the right to the possession thereof.

8. TRESPASS, § 18*—*what is defense to action.* It is a defense to an action of trespass on the case for the taking of property of the plaintiffs that such property was peaceably taken and that the defendant had the right to the possession thereof.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1916. Reversed with finding of fact. Opinion filed November 27, 1916.

H. G. TOWNSEND, for appellant.

WILLIAM J. DOYLE and WILLIAM J. DILLON, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCII 11

Mr. Justice Holdom delivered the opinion of the court.

The action here is trespass on the case, and on a trial before court and jury plaintiffs had a verdict and judgment against defendant for $2,000, from which defendant prosecutes this appeal.

The declaration consists of two counts, the first of which charges that defendant, between April 15th and 20th, 1911, took 900 tons of coal belonging to plaintiffs, with certain papers and books and disposed of and converted them to their own use. The second count charges that defendant, on April 15, 1911, and during the week thereafter, broke and entered plaintiffs' close and carried away plaintiffs' coal and converted it to its own use, blocked ingress to and egress from plaintiffs' coal yard and remained in possession thereof for one week, stopped plaintiffs' business and ruined their credit and reputation.

To both counts defendant pleaded the general issue and gave notice of special matter of defense under the general issue plea to the first count. Among these defenses was set up a contract of agency between the parties, in which plaintiffs were constituted sales agents for coal of defendant consigned to them for sale on defendant's account, the coal remaining the property of defendant until sold by plaintiffs, and that the coal in that count mentioned was the property of defendant; that on April 14, 1911, defendant revoked the plaintiffs' authority over the coal and on the day thereafter attempted at plaintiffs' yard to remove the coal, and, with the consent of plaintiffs by their yard manager, took and removed a part thereof; that plaintiffs, while defendant was in the peaceful possession of the coal, forcibly took the same and converted and disposed of 687 odd tons thereof; that the yard in which the coal was situated was not the yard, property or freehold of the plaintiffs, but of the Swift Fuel

Company, who gave defendant permission to keep a watchman on the premises to keep possession of its coal; that the plaintiffs forcibly expelled said watchman, and converted said remaining coal to their own use; that on April 17th defendant caused the sheriff to replevin the last mentioned coal under a writ issued out of the Circuit Court of Cook county; that in taking said coal the defendant in the first instance and the sheriff in the second instance used no force or violence whatever, but took the same peacefully and quietly, as they lawfully might.

To the second count defendant interposed five special pleas, the first of which averred its ownership of the coal in that count mentioned, and that at the time of entry into plaintiffs' premises, where said coal was, it entered peaceably for the purpose of removing such coal therefrom; that the coal was the property of defendant and that possession thereof was taken and the same removed under the direction of its agents, as it lawfully might, and that no more force was used than was reasonably necessary for the removal of said coal.

The four other pleas aver as follows: By the third plea, that the premises were the freehold and close of the Swift Fuel Company, by whose permission defendant entered, took possession of and carried away the coal; and by the fourth plea averred that the coal was not a part of the freehold, but the goods and chattels of defendant stored there, and that by leave and license of plaintiffs, defendant entered to take possession of the coal. The fifth plea avers the taking of the coal under a writ of replevin by the sheriff of the county. Each plea concludes with a verification, and none of them was demurred to, answered or replied unto by plaintiffs.

It is the rule of the common law that one good plea without challenge by answer or replication stands confessed as to the matters therein set forth by way of

defense. In the early case of *Ward v. Stout,* 32 Ill. 399, it was held that:

"Whatever might be the fate of the other pleas or issues, this plea barred the action against this defendant. One good plea in bar being confessed, for that is the effect when it is not replied to or traversed, operates as a complete bar to the action, and the action being barred, the plaintiff could not by any possibility get a judgment over and in spite of this bar, whether the other pleas were good or bad.

"Where the defendant's plea goes to bar the action, if the plaintiff demurs to it and the demurrer is determined in favor of the plea, judgment of *nil capiat* shall be entered, notwithstanding there may be also one or more issues of fact; for the reason that upon the whole, it appears the plaintiff had no cause of action."

In this condition of the pleadings, plaintiffs' claim under the second count was effectually disposed of, for, as said in *Wende v. Chicago City Ry. Co.,* 271 Ill. 437:

"When defendant in error elected to stand by her demurrer the court should have rendered judgment in favor of plaintiff in error as to the entire third count of the amended declaration as amended."

And in *Lowenstein v. Franklin Life Ins. Co.,* 122 Ill. App. 632, the court said:

"It is insisted by plaintiff in error that the court below erred in rendering judgment in bar of the action while the plea of the general issue remained undisposed of. The special plea filed by defendant in error presented a complete defense to the entire cause of action upon the policy, and when the court sustained a demurrer to the several replications thereto and plaintiff in error abided his replications, no issue of fact remained to be tried."

In *Miles v. Danforth,* 37 Ill. 157, the court said:

"This demurrer was overruled, the effect of which was to decide that those pleas presented a bar to the action of those counts. Those pleas were no further answered, consequently they stand as a bar to a recov-

ery on those counts. The defendants in error having abided by their demurrer, no evidence could be received under those counts. They were as though they never existed for the purpose of a recovery on them. A complete bar was interposed which shut out all evidence in their support.'' *Bissell v. City of Kankakee,* 64 Ill. 249.

In passing on a similar question of pleading, the court said in *People v. Walker Opera House Co.,* 249 Ill. 106:

''If either of the three pleas as to the additional count was a good defense, defendant in error was entitled to a judgment as to that count.''

In *People v. Bug River Spec. Drain. Dist.,* 189 Ill. 55, the court said:

''The pleas answered the information, and their averments being admitted there was nothing left to try. When a defendant succeeds on one plea which is a complete answer to a declaration, he is entitled to judgment in his favor in bar of the action. (*Dana v. Bryant,* 1 Gilm. 104; 2 Tidd's Pr. 741.) The judgment being entered upon the pleas in bar, replications to the second plea were of no avail.''

In *Adams v. Bruner,* 152 Ill. App. 123, the court said:

''The additional plea in question answered the whole declaration, and the plaintiffs having abided by their demurrer thereto, it would have been proper for the court to enter final judgment upon the plea in bar of the action and for costs.''

And in *LaMonte v. Kent,* 163 Ill. 1, the court said:

''In the view we take of the matter it is unnecessary for us to discuss the assignments of error based upon the action of the court in overruling a demurrer to this plea, because it is the established law of this State that where a demurrer to one of several pleas is overruled (which plea answers the whole declaration) and the plaintiff elects to stand by his demurrer, the defendant is entitled to judgment. * * * The overruling of the demurrer to the sixth plea and the election of the plaintiff to stand by the demurrer, disposed of the case.''

Under the law as thus expounded, the second count of plaintiffs' declaration is, under the pleadings, out of the case. We will now proceed to consider and dispose of the issues joined under the first count.

The contract in evidence is not disputed. Counsel for plaintiffs in their brief say: ''The parties entered into business on this vague and uncertain instrument.'' In this characterization of the agreement we are not able to concur. By the contract defendant reserved to itself the right at all times to fix the price for which the coal should be sold, also to pass upon the credit of the purchasers, and where the contracts of sale of such coal extended over a period of time, the approval of defendant to such contracts was made necessary. Under this contract the coal until sold was the property of defendant, and the moneys received and credits extended in the sale of any of the coal were the money and property of the defendant. By the contract defendant retained control over the consigned coal until plaintiffs sold the same.

The evidence conclusively establishes as a fact that defendant was not guilty of the trespass charged against it in the first count of the declaration; that in the absence of plaintiffs, defendant's agent was admitted to the yard where its coal was stored and took away 9 6/10 tons of the coal in two wagons. Plaintiffs then appeared upon the scene, ejected defendant's representative and prevented defendant from taking away any more of the coal. The remaining coal of defendant was taken away by the sheriff in virtue of a replevin writ issued out of the Circuit Court of this county at the suit of defendant. While the result of that replevin suit is stated in defendant's brief, it is not in evidence, and we have no right to, nor do we, consider the result of the trial of that suit; and it is immaterial to the consideration and disposition of this

appeal what the result of the trial of the replevin suit was.

The first count of the declaration charges the defendant took the coal "and certain papers and books and converted and disposed of the same." The testimony of the plaintiff L. W. Ferguson on this subject was that in the office he found papers scattered about the desk and floor, that the files and papers were disturbed, and when he was asked if any of them were lost he answered, "They have not been found yet,"— not one jot of testimony as to who scattered the papers or as to what they consisted of or whose papers they were. There was certainly nothing in this testimony upon which damages could be predicated.

The verdict and judgment are not supported by the evidence, but are contrary to its probative force. The 9 6/10 tons of coal taken away from plaintiffs' possession by defendant was its coal under its contract with plaintiffs. Therefore, it had a right to take possession of it peaceably.

The testimony clearly establishes that the 9 6/10 tons of coal were taken without the use of any force, and that entrance to the yard in which it was stored was obtained by the consent of a party in possession having the right to accord such consent, and that when plaintiffs came along and protested, defendant retired from the yard and took the balance of its coal under a writ of replevin, as it lawfully might.

There is no evidence applicable to the first count of the declaration which is sufficient to convict defendant of the trespass in that count charged, consequently the judgment of the Circuit Court is reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of Fact. That defendant is not proven by the record to be guilty of the trespass as charged against it in plaintiffs' declaration or any count thereof.