## Sadie D. Bowers, Appellant, v. William F. Claxton, Appellee.

### Gen. No. 24,031.

1. WORKMEN'S COMPENSATION ACT, § 3*—*what not extrahazardous employment.* In an action by an employee to recover for personal injuries, the work in which plaintiff was engaged *held* not to be extrahazardous, within the meaning of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*].

2. WORKMEN'S COMPENSATION ACT, § 12*—*when reference to in declaration considered as surplusage.* In an action by an employee to recover for personal injuries, while references to the Workmen's Compensation Act are improperly included in the declaration when the act does not apply, such references will be treated as merely surplusage when the counts state a good cause of action at common law.

3. PLEADING, § 369*—*how surplusage in declaration may be reached.* Surplusage in a declaration cannot be reached by either a general or special demurrer, but the proper procedure is a motion to strike.

Appeal from the Circuit Court of Cook county; the Hon. ROBERT E. CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded with directions. Opinion filed December 4, 1918.

MUNSON T. CASE, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Sadie D. Bowers brought suit against William F. Claxton to recover for personal injuries. The declaration as finally amended consisted of seven counts, to which a general demurrer was sustained and the cause dismissed at plaintiff's costs.

All of the counts of the declaration, except the fifth,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXII 39

averred, in substance, that at the time in question the defendant was the proprietor of, owned, managed and operated, a certain business known as the ''Hotel Darlington'' situated in Chicago, and that plaintiff was employed by the defendant. The nature of the business and the surrounding circumstances in which plaintiff was employed and the manner in which she was injured were set forth, and it was averred that this employment was not extrahazardous, and did not come within the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*]. It was further averred that the business was nonhazardous and that defendant had not elected to come under the act. The fifth count is simply a common-law count for personal injuries, no reference being made to the ·Workmen's Compensation Act. Each of the counts states a good common-law cause of action.

We have been favored with no brief on behalf of the defendant, and as the demurrer was general, we are unable to determine the reason why the court sustained it and dismissed the suit. But we are informed by counsel for plaintiff that the action of the court was due to the fact that at the time there had been no decision construing the Workmen's Compensation Act, and the court took the view that all employees and employers were within the act, and therefore the instant case seeking to enforce a common-law liability would not lie.

The Compensation Act provides that if the occupation, enterprise or business which is being conducted is extrahazardous as defined by the act, then the employer is conclusively presumed to be within the act, unless he has filed notice to the contrary with the Industrial Board, and if he files such notice, then, in case an action is brought against him to recover damages for personal injuries, the common-law defenses of assumed risk, fellow-servant and contributory negligence are not available to him. Sections 1, 2 and 3,

Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶¶ 5475(1), (2), (3)]. The act further provides that if the work is nonhazardous, then the employer may elect to come within its terms, by filing a notice of such intention with the Industrial Board. Section 1, Compensation Act of 1913. There are also provisions for election by the employee which need not be referred to here.

Manifestly, if the Compensation Act does not apply, the common-law rights and liability are in no way affected. If the act does apply, then no recovery can be had in a common-law action, but the remedy is such as is provided by the act. We think it clear that under the allegations of the declaration, the work in which plaintiff was engaged at the time of her injuries was not extrahazardous within the meaning of the act. *Uphoff v. Industrial Board of Illinois,* 271 Ill. 312 [13 N. C. C. A. 80]. This being true, the act did not apply, and no reference should have been made to it in the declaration. But since each count states a good cause of action at common law, the most that can be said is that the allegations in reference to the Compensation Act are surplusage, and this defect in pleading cannot be reached by either a general or special demurrer, but a motion to strike is the proper procedure. 1 Chitty's Pleading (17th Amer. Ed.), pp. 326, 327; *Lesher v. United States Fidelity & Guaranty Co.,* 144 Ill. App. 632, 239 Ill. 502; *Burnap v. Wight,* 14 Ill. 301; *La Monte v. Kent,* 163 Ill. App. 1. It follows that the demurrer was improperly sustained.

The judgment of the Circuit Court of Cook county is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*